FILED
IN CLERK'S OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2003 DEC -4 P 1:24

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| BAY STATE SAVINGS BANK )<br>    Plaintiff )<br> )<br>v. )<br> )<br>BAYSTATE FINANCIAL SERVICES, LLC )<br>    Defendant ) | Civil Action No.<br><br>**03-40273** |

RECEIPT # 46-4327
AMOUNT $ 150.00
SUMMONS ISSUED _____
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY. CLK. KH
DATE 12-4-03

COMPLAINT
(And Jury Demand)

## NATURE AND BASIS OF ACTION

1. This is an action by Bay State Savings Bank ("Bay State") against Baystate Financial Services, LLC ("Baystate Financial") for infringement of its 109-year old service mark "Bay State", used by the plaintiff continuously for banking and financial services since the bank's formation in 1895, and formally registered as state and federal trademarks in 1999 and 2001, respectively. Baystate Financial first used the Baystate name on May 1, 1997, and such use was mainly limited to Boston. Since then it has dramatically expanded it use. Within the last 10 days it announced the acquisition of a 38 –employee firm formally known as the Patriot Group that is located directly across the Worcester City Common from Bay State's headquarters. Bay State seeks injunctive relief against Baystate Financial on its claims for unfair competition under Section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. §1125(a) (hereinafter referred to as the "Lanham Act"), for dilution of a famous mark under Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c), for cyber-squatting under Section 43(d) of the Lanham Act, for unlawful use of a trade name under G.L.M. c.110, §4, for violation of the state trademark

{H:\PA\Lit\16311\00001\A0675372.DOC}

statutes, G.L.M. c.110, §4 and c.110B, §§ 11, 12 and 13, and for unfair and deceptive trade practices in violation of G.L.M. c.93A, §11.

## PARTIES

2. Bay State is a Massachusetts-chartered savings bank with its principal place of business in Worcester, County of Worcester, Massachusetts.

3. Baystate Financial Services, LLC is a duly organized Massachusetts limited liability company, which by virtue of recent acquisitions, now has usual places of business in Worcester, Wellesley, Lynnfield, Marlboro, Canton, and Boston, Massachusetts, as well as in Maine, New Hampshire and Rhode Island.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as this case arises under the Lanham Act, 15 U.S.C. §1125(a), (c), and (d). Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

### Bay State's Corporate and Trademark History

5. Bay State was formed by special legislation entitled "An Act To Incorporate The Bay State Savings Bank" which is published as Ch. 107 of the Acts of 1895, as approved March 9, 1895. It is a mutual corporation, meaning that ownership belongs to its depositors. The mutual form of ownership emphasizes accountability to the community, rather than remote stockholders whose primary interest is focused on investment returns.

6. Bay State has used the name "Bay State Savings" continuously for banking and financial services for nearly 109 years since the bank was formed in 1895.

7. Bay State is headquartered in Worcester. By Ch. 404 of the Acts of 1946, as approved on June 4, 1946, Bay State was authorized to spend $300,000 to invest in the alteration, renovation and reconstruction of its headquarters building, then located on Main Street in Worcester. In 1956, the Bank moved to its present headquarters at 28-32 Franklin Street, Worcester. That building was recently renovated, and Bay State was awarded the Silver Hammer award for its effort and financial commitment to revitalize a historic downtown building in the City of Worcester.

8. Over the years, Bay State has expanded to several full service locations in central Massachusetts, including Worcester, Auburn and Holden. Each of the branch locations is characterized by a consistent and attractive "Cape"-style architecture with modern trade dress, with landscaping and on-site parking. Bay State also maintains a branch at Auburn High School during the school year, and offers 24 hour telebanking and internet banking services. Signage identifying each branch as "Bay State Savings Bank" is prominently displayed at each location.

9. Bay State offers the banking public thrift, consumer and commercial loan, and miscellaneous investment and financial services. The scope of Bay State's services has been expanding over the last half century to include: traditional savings accounts and home mortgages; sales of savings bonds, insurance products, investment unit accounts, IRA and retirement accounts; and investment advisory services including sales of stocks and bonds, previously through the Bay State sponsored "Minuteman Investment Services" program, and, since 2002, through its "Bay State Investment Services" division. Such services are generally classified within international trademark Class 36.

10. Throughout its 109-year history, Bay State has actively conducted advertising and promotional activities designed to enhance and promote its public image. Advertising

expenditures have grown from $7,059 in 1960 (the first year in which they are segregated) to amounts in excess of $300,000 per year.

11. Bay State has been the subject of numerous unsolicited business news articles reporting on matters of public interest, including the appointment of community leaders to serve on the bank's Board of Investment or other important committees, changes of personnel, and other matters at Bay State of general interest to the public. Such articles have appeared in statewide and regional newspapers, such as The Boston Globe, the Worcester Telegram & Gazette, the Banker & Tradesman, and a variety of other publications.

12. Bay State and its personnel have been recognized with numerous awards and commendations from many different community organizations for dedicated community service.

13. As a result of such advertising and promotional activities, and the goodwill arising from over a century of service, Bay State's total assets have grown from $20,241 in 1895 to amounts exceeding $245 million.

14. Bay State's customers reside in approximately one hundred and fifty different postal zip codes in Massachusetts, and in twenty-nine other states.

15. Consumer awareness surveys of customers and non-customers in central Massachusetts revealed that a large proportion of the public recognizes the name "Bay State Savings Bank" and that many associate the name with Bay State.

16. Because of changes in demographics and transportation, increasing numbers of Bay State's customers and potential customers who live in Central Massachusetts work in the Greater Boston area. Conversely, increasing numbers of consumers who work or own businesses in the Worcester area live east of Worcester in what is commonly referred to as "Metro West" or in Greater Boston. Boston-based news media broadcast and distribute print publications in

Central Massachusetts, and Worcester based media broadcast and distribute in Metro West and Greater Boston. In effect, Eastern and Central Massachusetts are, and for some time have been, a single market for purposes of news media advertising, and for banking and financial services.

<u>State and Federal Registration by Bay State of "Bay State" and Related Service Marks</u>

17. On July 16, 1999, Bay State registered with the Secretary of State of the Commonwealth of Massachusetts the service mark "Bay State Savings Bank" for banking and financial services in international trademark Class 36.

18. On October 14, 1999, November 14, 2001, and June 3, 2002, respectively, the Secretary of State of the Commonwealth of Massachusetts formally issued to Bay State the service marks "Bay State", "Bay State Online" and "Bay State Investment Services" in connection with banking and financial services in international trademark Class 36.

19. On May 15, 2001, May 22, 2001, July 30, 2002, and October 1, 2002, respectively, the United States Patent and Trademark Office formally issued to Bay State the service marks "Bay State", "Bay State Savings Bank", "Bay State Investment Services" and "Bay State Online" in connection with banking and financial investment services in international trademark Class 36. Bay State's service marks as described in the foregoing paragraphs are collectively referred to hereinafter as the "Service Marks".

20. Bay State has also registered or protected various related Internet domain names incorporating the Bay State Service Marks, including but not limited to: "baystatesavingsbank.com", "baystateonline.com", "baystatesavingsbank.net", "baystatesavingsbank.biz", and "baystatesavingsbank.org".

## Corporate and Trademark History of
## Baystate Financial through 2003

21.   Baystate Financial Services, LLC is a Massachusetts limited liability company formed in 1997.

22.   In its Massachusetts service mark registration, Bay State Financial reports that the date of first use of its mark was May 1, 1997. Baystate Financial's state service mark registration is in Class 36, the same class as Bay State's state and federal Service Mark registrations.

23.   On November 23, 2003, Baystate Financial announced its merger with the Patriot Group, a local franchise of New England Financial, a subsidiary of MetLife, Inc., and its acquisition of its 38-employee financial planning business that is located at 100 Front Street, Worcester, directly across the Worcester City Common from Bay State's headquarters. It also announced a series of other recent acquisitions that purportedly make it the largest financial planning operation in New England. Baystate Financial reported having a total of 168 employees and annual sales of $176 million.

24.   Baystate Financial offers the public investment and other miscellaneous financial services which are generally similar to those offered by Bay State: fee-based financial planning, employee benefit and retirement plans, estate planning, investment management, insurance products and college savings plans. Baystate Financial, in fact, promotes and sells services to its customers through banks that compete directly with Bay State in what it calls its "Bank Affiliate Program". Such use is generally within international trademark Class 36.

25.   Baystate Financial has begun promoting itself via the Internet under the name "Baystate Financial Services" and created a website at the Internet address

"baystatefinancial.com." Baystate Financial is the domain name registrant of "baystatefinancial.com."

### Written Notice of Infringement from Bay State to Baystate Financial

26. In 2002, Bay State became aware that Baystate Financial had begun to use the service mark and name "Baystate Financial Services" for advertising and promotional purposes. It promptly notified Baystate Financial, in writing, to discontinue use of the name "Baystate Financial Services." A letter from Bay State's attorney, Garry Blodgett, to James Gratton of Baystate Financial, was sent by certified mail on December 23, 2002. See **Exhibit A attached.** Mr. Blodgett's letter notified Baystate Financial that Bay State has been using the service mark "Bay State" since 1895, and that Bay State has numerous federal and Massachusetts service mark registrations on the mark "Bay State" in various contexts. Mr. Blodgett further notified Baystate Financial that its use of a confusingly similar service mark was an unfair business practice violative of G.L. c. 93A, and requested that Baystate Financial confirm that it would cease and desist from use of the Service Marks.

27. Rather than respond to Mr. Blodgett's letter in good faith, Baystate Financial threatened to bring cancellation proceedings based on incorrect assertions that Bay State's registration applications were fraudulent.

### Continued Use of the Name "Baystate Financial Services" after Receipt of Written Notice of Infringement

28. Despite this warning, Baystate Financial has continued to advertise and promote itself under the name "Baystate Financial Services" in regional and statewide news media, including Life & Health Advisor, The Boston Globe, Medical Economics, the Worcester Telegram & Gazette, and Worth magazine. Baystate Financial's name is often misspelled as

"Bay State" in such publications, demonstrating its failure to achieve secondary meaning and its potential for creating a likelihood of confusion with the Bay State mark.

29. Baystate Financial has continued its use of the domain name "baystatefinancial.com" for Internet and website purposes.

30. Baystate Financial's use of the name "Baystate Financial Services" for advertising and promotional purposes will likely cause actual confusion among consumers, vendors and others.

## COUNT I
### (§43(a) OF THE LANHAM ACT)

31. Bay State incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

32. Bay State's Service Marks, as described more fully above, are well-established marks that serve to identify the services sponsored by, approved by, authorized by, associated with, or affiliated exclusively with Bay State.

33. As evidenced by the state and federal registrations, Bay State's Service Marks have acquired distinctiveness and secondary meaning in connection with banking and investment services provided by Bay State in international trademark Class 36.

34. Baystate Financial had actual and constructive knowledge of the use and ownership by Bay State of the Service Marks and is aware of the advertising and promotional activities sponsored by Bay State.

35. Baystate Financial, in connection with the sale of investment and financial services in international trademark Class 36, has used, continues to use, and is now expanding its use of, the Bay State Service Marks and Internet domain names in a manner which is likely to

cause confusion, mistake or deception as to whether Baystate Financial and/or its services are associated with, endorsed by, approved by, authorized by, licensed by, or affiliated with Bay State.

36. Baystate Financial's use and expansion of use of the service marks "Baystate Financial Services" and/or the Internet domain name "baystatefinancial.com" constitutes false designations of origin, false descriptions and false representations in interstate commerce in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a), and has caused and will continue to cause irreparable harm to Bay State unless and until temporarily, preliminarily, and thereafter permanently enjoined by this Court. Bay State has no adequate remedy at law.

37. Baystate Financial's conduct represents a conscious, intentional effort to misappropriate the Service Marks and Internet domain names of Bay State for the purpose of injuring Bay State and unjustly enriching the Baystate Financial at Bay State's expense.

## COUNT II
### (SECTION 43(c) OF THE LANHAM ACT)

38. Bay State incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

39. The Bay State Service Marks are "famous" marks within the meaning of Section 43(c)(1) of the Lanham Act.

40. Bay State is the owner of the Service Marks.

41. Baystate Financial has used and is using the famous Service Marks in commerce for commercial purposes, including without limitation the Internet domain name "baystatefinancial.com."

42. Baystate Financial's use of the famous Service Marks began after the marks became famous.

43. Baystate Financial's use of the famous Service Marks has caused and is causing dilution of the distinctive quality of the marks by lessening the capacity of the marks to identify and distinguish banking services of the marks' owner, Bay State, from those provided by Baystate Financial so as to entitle Bay State to an injunction against such use under Section 43(c)(1) of the Lanham Act, 15 U.S.C. §1125(c)(1).

44. Baystate Financial willfully intended to cause dilution of the famous Service Marks so as to entitle Bay State to the profits earned by Baystate Financial and the costs of this action in accordance with Section 43(c)(2) of the Lanham Act.

## COUNT III
### (SECTION 43(d) OF THE LANHAM ACT)

45. Bay State incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

46. The Bay State Service Marks are "famous" marks within the meaning of Section 43(c)(1) of the Lanham Act.

47. Bay State is the owner of the Service Marks.

48. Baystate Financial has used and is using the famous Service Marks in commerce for commercial purposes, including without limitation the Internet domain name "baystatefinancial.com."

49. Baystate Financial is the domain name registrant of "baystatefinancial.com."

50. Baystate Financial's use of the famous Service Marks began after the marks became famous.

51. Baystate Financial's use of the famous Service Marks has caused and is causing dilution of the distinctive quality of the marks by lessening the capacity of the marks to identify and distinguish banking services of the marks' owner, Bay State, from those provided by Baystate Financial in violation of Section 43(d) of the Lanham Act, 15 U.S.C. §1125(d).

52. Baystate Financial willfully, and with bad faith intent to profit from the Service Marks, has registered, trafficked in, and used, a domain name identical, dilutive or confusingly similar to the Service Marks so as to entitle Bay State to the profits earned by Baystate Financial, the costs of this action, and/or forfeiture, cancellation or transfer of the domain name "baystatefinancial.com" to Bay State, in accordance with Section 43(d) of the Lanham Act.

### COUNT IV
### (G.L.M. c.110, §4)

53. Bay State incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

54. Baystate Financial has used and is using the Service Marks in conducting business in the Commonwealth without the written consent of Bay State in violation of G.L.M. c.110, §4.

### COUNT V
### (G.L.M. c.110B, §11, 12 & 13)

55. Bay State incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

56. Baystate Financial's use of the service mark "Baystate Financial Services" in investment and financial operations, as an Internet domain name and in Internet "e-commerce" without the consent of Bay State is likely to cause confusion or mistake and to deceive customers as to the source or origin of their services in violation of G.L.M. c.110B, §11(a).

57. The Baystate Financial has used and continues to use a colorable imitation of the Bay State Service Marks in connection with the sale and advertising of their services, with knowledge that its use of such mark is likely to cause confusion, mistake or deception so as to entitle Bay State to recover from it profits under G.L.M. c.110B, §11(b).

58. Continued use by Baystate Financial of the service mark "Baystate Financial Services" is likely to injure Bay State's business reputation and dilute the distinctive quality of its Service Marks so as to entitle Bay State to injunctive and equitable relief under G.L.M. c.110B, §12, including but not limited to cancellation of Baystate Financial's Massachusetts service mark registration.

## COUNT VI
### (DECLARATORY RELIEF UNDER 28 U.S.C. §2201)

59. Bay State incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

60. Bay State maintains that the use by Baystate Financial of the name "Baystate Financial Services" and the Internet domain name "baystatefinancial.com" violates Sections 43(a), (c), and (d) of the Lanham Act and state trademark law.

61. Baystate Financial denies that its use of the name "Baystate Financial Services" violates the Lanham Act or state trademark law and asserts a continued right to use such name in the sale of investment and financial services in commerce.

62. An actual case or controversy exists with respect to the rights of Bay State and Baystate Financial, and whether the use of the name "Baystate Financial Services" and the Internet domain name "baystatefinancial.com" violates Bay State's rights under federal and state law.

## COUNT VII
### (G.L.M. c.93A, §11)

63. Bay State incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

64. At all relevant times, Bay State and Baystate Financial have been engaged in the conduct of trade or commerce.

65. Baystate Financial's conduct constitutes unfair or deceptive acts or practices and a willful and knowing violation of G.L.M. c.93A, §11.

66. Bay State has suffered a loss of money or property as a direct and proximate result of Baystate Financial's unfair and deceptive acts or practices, which have occurred substantially and primarily within the Commonwealth of Massachusetts.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff, Bay State Savings Bank, requests that this Court:

A. Issue a preliminary injunction and thereafter a permanent injunction ordering Baystate Financial and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, to refrain from using, authorizing or employing the name or mark "Baystate Financial Services" or any colorable imitation of Bay State's names and Service Marks including without limitation the use of the Internet domain name "baystatefinancial.com" on a scale exceeding its use at the time of Bay State's first registration in 1999 as will be requested in a separate motion;

B. Enter judgment that Baystate Financial has used false designations of origin, false descriptions, and false representations, in bad faith and in willful violation of 15 U.S.C. §1125(a); has injured Bay State's business reputation and diluted the distinctive quality of the

Bay State Service Marks; has otherwise injured Bay State by promoting, advertising, and selling their banking services using a colorable imitation of the Bay State Service Marks in willful violation of 15 U.S.C. §1125(c)(1); and, with bad faith intent to profit from the Service Marks, has registered, trafficked in, and used, a domain name identical, dilutive or confusingly similar to the Service Marks in violation of Section 43(d) of the Lanham Act.

C.  Enter judgment that the use by Baystate Financial of the registered Service Marks without the written consent of Bay State violates G.L.M. c.110, §4;

D.  Enter judgment that the use by Baystate Financial of a colorable imitation of Bay State's Service Marks in connection with the sale and advertising of its services without Bay State's consent is likely to cause confusion or mistake and to deceive customers as to the source or origin of such services in violation of G.L.M. c.110B, §11;

E.  Enter judgment that Baystate Financial has used and continues to use a colorable imitation of Bay State's Service Marks in connection with the sale and advertising of its services with knowledge that its use of such mark has caused, is causing, and will cause confusion, mistake or deception so as to entitle Bay State to recover profits or damages under G.L.M. c.110B, §11;

F.  Enter judgment that Baystate Financial has engaged in unfair and deceptive trade practices in willful and knowing violation of G.L.M. c.93A, §11;

G.  Award Bay State monetary damages including an amount of money sufficient to pay for the cost of corrective advertising, and the damages sustained by Bay State as a result of the aforesaid acts of Baystate Financial, with such amount to be determined by the trier of fact and to be increased and trebled as provided by law;

  H. Enter an order pursuant to G.L. c. 110B, §8, canceling Baystate Financial's Massachusetts service mark registration;

  I. Enter an order pursuant to Section 43(d)(IX)(ii)(c) of the Lanham Act that Baystate Financial forfeit, cancel or transfer the domain name "baystatefinancial.com" to Bay State;

  J. Require Baystate Financial to pay Bay State both the costs of this action and reasonable attorney's fees; and

  K. Grant such other different and further relief which this Court deems appropriate.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES<br>THAT ARE TRIABLE BY JURY AS A MATTER OF RIGHT.

BAY STATE SAVINGS BANK

By its attorneys,

*[signature]*
James C. Donnelly, Jr., Esq.
B.B.O.#129700
Ann Marie Dirsa, Esq.
BBO #650173
Mirick, O'Connell, DeMallie &
 Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
(508) 791-8500

Dated: Dec. 4, 2003