FILED
IN CLERK'S OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS 2004 FEB 18 P 12: 31

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| BAY STATE SAVINGS BANK )<br>    Plaintiff )<br>  )<br>v. )<br>  )<br>BAYSTATE FINANCIAL SERVICES, LLC )<br>    Defendant )<br>  ) | Civil Action No. |

## REPLY TO COUNTERCLAIM

Bay State Savings Bank ("Bay State") responds to the Counterclaim of Baystate Financial Services LLC ("Baystate Financial") as follows:

### PARTIES

1. Upon information and belief, Bay State admits the allegations of Paragraph 1.

2. Admitted.

### JURISDICTION

3. The allegations of paragraph 3 state legal conclusions to which no response is required.

### FACTUAL ALLEGATIONS

4. Bay State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and therefore denies same.

{H:\PA\Lit\16311\00003\A0690868.DOC}

5. Bay State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore denies same.

6. Bay State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, and therefore denies same.

7. Bay State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and therefore denies same.

8. Bay State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore denies same.

9. Bay State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and therefore denies same.

10. Bay State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and therefore denies same.

11. Bay State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and therefore denies same.

12. Bay State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, as they have been partially deleted or omitted, and therefore denies same.

13. Bay State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and therefore denies same.

14. Bay State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore denies same.

15. Bay State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and therefore denies same.

16. Bay State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore denies same.

17. Bay State denies the allegations contained in the first and third sentences of paragraph 17. Bay State is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17, and therefore denies same.

18. Bay State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and therefore denies same.

19. Bay State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore denies same.

20. Bay State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore denies same.

21. Bay State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore denies same. In further answering, Bay State states that to the extent the paragraph 21 purports to characterize portions of written documents, the documents speak for themselves.

22. Denied.

23. Admitted. In further answering, Bay State states that to the extent that paragraph 23 purports to characterize portions of written documents, the documents speak for themselves.

24. Admitted. In further answering, Bay State states that to the extent that paragraph 24 purports to characterize portions of written documents, the documents speak for themselves.

25. Admitted. In further answering, Bay State states that to the extent that paragraph 25 purports to characterize portions of written documents, the documents speak for themselves.

26. Admitted. In further answering, Bay State states that to the extent that paragraph 26 purports to characterize portions of written documents, the documents speak for themselves.

27. Bay State admits that on or about July 16, 2002, it registered the service mark "Minuteman Investment Services". Bay State denies the remaining allegations of paragraph 27 and states that to the extent that paragraph 27 purports to characterize portions of written documents, the documents speak for themselves.

28. Denied.

29. Denied.

30. Bay State denies that paragraph 30 contains a complete or accurate summary of the relevant facts.

31. Denied.

32. The allegations in paragraph 32 state conclusions to which no response is required; to the extent a response is required, Bay State denies same.

33. Denied.

34. The allegations in paragraph 34 state incorrect legal conclusions to which no response is required; to the extent a response is required, Bay State denies same.

35. Bay State admits that it submitted its application to the USPTO for registration of the Bay State Investment Services mark on November 12, 1999, and that it filed state and federal applications for other Bay State marks beginning in 1999. Bay State denies the remaining allegations of paragraph 35.

36. Bay State admits the allegations of the first sentence of paragraph 36. To the extent the remaining allegations of paragraph 36 purports to characterize portions of a written document, the document speaks for itself.

37. Bay State admits that the Bay State mark was first used in connection with its services as early as May 16, 1895. Bay State denies the remaining allegations of paragraph 37. In further answering, Bay State states that to the extent that paragraph 37 purports to characterize portions of a written document, the document speaks for itself. To the extent the allegations in paragraph 37 state legal conclusions, no response is required.

38. Bay State denies that paragraph 38 contains a complete or accurate summary of the relevant facts.

39. Bay State admits that it submitted a Declaration dated May 10, 2000. Bay State denies the remaining allegations of paragraph 39. In further answering, Bay State states that to the extent that paragraph 39 purports to characterize portions of a written document, the document speaks for itself.

40. Denied.

41. Bay State admits that it filed an application with the USPTO on July 16, 1999 for registration of the mark "Bay State Savings Bank". To the extent the remaining allegations of paragraph 41 purports to characterize portions of a written document, the document speaks for itself.

42. Bay State admits that the Bay State mark was first used in connection with its services as early as May 16, 1895. Bay State denies the remaining allegations of paragraph 42. In further answering, Bay State states that to the extent that paragraph 42 purports to characterize portions of a written document, the document speaks for itself. To the extent the allegations of paragraph 42 state legal conclusions, no response is required.

43. Bay State denies that paragraph 43 contains a complete or accurate summary of the relevant facts.

44. Bay State admits that it submitted a Declaration dated May 12, 2000. Bay State denies the remaining allegations of paragraph 44. In further answering, Bay State states that to the extent that paragraph 44 purports to characterize portions of a written document, the document speaks for itself.

45. Denied.

46. Bay State admits that it filed an application with the USPTO for registration of the mark Bay State Savings Bank and Minuteman Head Design. To the extent the remaining allegations of paragraph 46 purport to characterize portions of a written document, the document speaks for itself.

47. Bay State admits that it submitted a declaration stating that the Design Mark was first used in commerce as early as November 25, 1999. Bay State denies the remaining allegations of paragraph 47. In further answering, Bay State states that to the extent that paragraph 47 purports to characterize portions of a written document, the document speaks for itself.

48. Bay State admits that it submitted an amendment on January 18, 2001. Bay State denies the remaining allegations of paragraph 48. In further answering, Bay State states that to the extent that paragraph 48 purports to characterize portions of a written document, the document speaks for itself.

49. Bay State admits that it submitted a Declaration dated May 12, 2000. Bay State denies the remaining allegations of paragraph 49. In further answering, Bay State states that to the extent that paragraph 49 purports to characterize portions of a written document, the document speaks for itself.

50. Denied.

51.     Bay State admits that it filed an Intent-to-Use Application with the USPTO for registration of the mark Bay State Investment Services on November 22, 1999. To the extent the remaining allegations of paragraph 51 purport to characterize portions of a written document, the document speaks for itself.

52.     Bay State admits that it submitted an amendment on October 27, 2000. Bay State denies the remaining allegations of paragraph 52. In further answering, Bay State states that to the extent that paragraph 52 purports to characterize portions of a written document, the document speaks for itself.

53.     Bay State admits that it submitted a declaration dated May 10, 2000. Bay State denies the remaining allegations of paragraph 53. In further answering, Bay State states that to the extent that paragraph 53 purports to characterize portions of a written document, the document speaks for itself.

54.     Denied.

55.     To the extent that paragraph 55 purports to characterize portions of a written document, the document speaks for itself.

56.     Denied.

57.     Bay State admits that it submitted its application to the USPTO for registration of the Minuteman Investment Services mark on November 12, 1999. Bay State denies the remaining allegations of paragraph 57. In further answering, Bay State states that to the extent

that paragraph 57 purports to characterize portions of written documents, the documents speak for themselves.

58.    Denied.

59.    Bay State admits that it received correspondence from Bay State Financial dated February 20, 2003, and that it issued an advertisement for Bay State Investment Services. Bay State denies the remaining allegations of paragraph 59. In further answering, Bay State states that to the extent that paragraph 59 purports to characterize portions of written documents, the documents speak for themselves.

60.    Bay State admits that on June 12. 2003, it filed an Intent-To-Use Application. Bay State denies the remaining allegations of paragraph 60. In further answering, Bay State states that to the extent that paragraph 60 purports to characterize portions of a written document, the document speaks for itself.

## COUNT I

61.    Bay State repeats and realleges its answers to the allegations set forth in paragraphs 1 though 60 of the Counterclaim, which are incorporated herein by reference.

62.    Bay State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62, and therefore denies same.

63.    The allegations in paragraph 63 state conclusions to which no response is required; to the extent a response is required, Bay State denies same.

64. The allegations in paragraph 64 state legal conclusions to which no response is required; to the extent a response is required, Bay State denies same.

65. Denied.

66. Denied.

67. Denied.

## COUNT II

68. Bay State repeats and realleges its answers to the allegations set forth in paragraphs 1 though 67 of the Counterclaim, which are incorporated herein by reference.

69. Bay State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69, and therefore denies same.

70. The allegations in paragraph 70 state conclusions to which no response is required; to the extent a response is required, Bay State denies same.

71. The allegations in paragraph 71 state legal conclusions to which no response is required; to the extent a response is required, Bay State denies same.

72. Denied.

73. Denied.

74. Denied.

## COUNT III

75. Bay State repeats and realleges its answers to the allegations set forth in paragraphs 1 though 74 of the Counterclaim, which are incorporated herein by reference.

76.  The allegations in paragraph 76 state legal conclusions to which no response is required; to the extent a response is required, Bay State denies same.

77.  Bay State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77, and therefore denies same.

78.  The allegations in paragraph 78 state conclusions to which no response is required; to the extent a response is required, Bay State denies same.

79.  Denied.

80.  Denied.

81.  Denied.

## COUNT IV

82.  Bay State repeats and realleges its answers to the allegations set forth in paragraphs 1 though 81 of the Counterclaim, which are incorporated herein by reference.

83.  Bay State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83, and therefore denies same.

84.  The allegations in paragraph 84 state legal conclusions to which no response is required; to the extent a response is required, Bay State denies same.

85.  Admitted.

86.  Denied.

87.  Denied.

## COUNT V

88. Bay State repeats and realleges its answers to the allegations set forth in paragraphs 1 though 87 of the Counterclaim, which are incorporated herein by reference.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

### COUNT VI

93. Bay State repeats and realleges its answers to the allegations set forth in paragraphs 1 though 92 of the Counterclaim, which are incorporated herein by reference.

94. Denied.

95. Denied.

### COUNT VII

96. Bay State repeats and realleges its answers to the allegations set forth in paragraphs 1 though 95 of the Counterclaim, which are incorporated herein by reference.

97. Denied.

### COUNT VIII

98. Bay State repeats and realleges its answers to the allegations set forth in paragraphs 1 though 97 of the Counterclaim, which are incorporated herein by reference.

99. Denied.

100. Denied.

101. Denied.

## COUNT IX

102. Bay State repeats and realleges its answers to the allegations set forth in paragraphs 1 though 101 of the Counterclaim, which are incorporated herein by reference.

103. The allegations in paragraph 103 state legal conclusions to which no response is required.

104. Denied.

105. Denied.

106. Denied.

**AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Baystate Financial fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Baystate Financial is barred from recovery or relief by the doctrines of equitable estoppel, waiver, laches, and unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Baystate Financial's claims are frivolous wholly unsubstantiated and have not been advanced in good faith.

### FOURTH AFFIRMATIVE DEFENSE

Bay State Savings Bank is the senior user of the Bay State marks.

WHEREFORE, the plaintiff/counterclaim-defendant, Bay State Savings Bank, respectfully requests that Baystate Financial's counterclaims be dismissed and that judgment enter for Bay State Savings Bank, together with costs and such further relief as is appropriate.

BAY STATE SAVINGS BANK

By its attorneys,

James C. Donnelly, Jr., Esq. BBO #129700
Ann Marie Dirsa, Esq. BBO #650173
Mirick, O'Connell, DeMallie &
  Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
(508) 791-8500

Dated: February 17, 2004

### CERTIFICATE OF SERVICE

I, James C. Donnelly, Jr., hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to **Brian K. French, Esq.**, Ruberto, Israel & Weiner, P.C., 100 North Washington Street, Boston, MA 02114.

James C. Donnelly, Jr., Esq.

Dated: February 17, 2004