UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAY STATE SAVINGS BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 4:03-CV-40273-NMG |
| ) | |
| BAYSTATE FINANCIAL ) | |
| SERVICES, LLC, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
### FOR TRANSFER OF CASE FROM BOSTON TO WORCESTER

Defendant Baystate Financial Services, LLC ("Baystate Financial") opposes the Motion for Transfer of Case from Boston to Worcester submitted by plaintiff Bay State Savings Bank ("Bank"). Since the Bank has failed to show good cause for the transfer it seeks, its motion should be denied.

This is a trademark infringement action. Like many trademark cases, this one began with a motion for preliminary injunction in which the Bank sought to preclude Baystate Financial from using the so-called "Bay State" mark. In support of its motion, the Bank submitted three affidavits (Dkt. 7-9), 1,174 pages of exhibits (Dkt. 10-11) and a detailed memorandum of law (Dkt. 6). In opposition to the motion, Baystate Financial submitted four affidavits (Dkt. 14-17), which included a number of exhibits, and a similarly detailed legal memorandum (Dkt. 13). After a hearing on the Bank's motion, the Court issued a twenty page Memorandum & Order (Dkt. 18) in which the Court found, among other things, that the Bank failed to show a likelihood of success on the merits and denied the Bank's request for injunctive relief.

Given the substantial attention the Court has already given to this matter, it would facilitate the efficient performance of the Court's business, *see* Local Rule 40.1(I), to keep this action with the Honorable Judge Nathaniel M. Gorton, the Judge who reviewed, heard and decided the Bank's motion for preliminary injunction. Since Judge Gorton has relocated from the Central Division to the Eastern Division of the District of Massachusetts, there was good cause for the Court's decision to transfer this action from Worcester to Boston. *See* Local Rule 40.1(F) ("[a]ny case may be transferred from one division to another division on motion of any party for good cause shown or sua sponte for good cause by the judge to whom the case is assigned"). *See also Robertson v. Kiamichi R.R. Co.*, 42 F. Supp.2d 651, 659 (E.D. Tex.) (in weighing transfer of case to one of two divisions, administrative concerns favored transfer to division where same judge as in present forum would preside).

Although the Bank argues that its choice of forum is entitled to deference, the Court presumably considered that factor prior to transferring this case to the Eastern Division and determined that the reasons for transferring the case outweighed any deference that otherwise should be afforded the Bank's initial choice of forum. That decision was within the Court's "sound discretion." *See Brookfield Machine, Inc. v. Calbrit Design*, 929 F. Supp. 491, 501 (D. Mass. 1996).

The Bank also exaggerates the need to transfer this case back to the Central Division. Although some of the witnesses in this matter may be from the Worcester area, Boston and Worcester are less than 50 miles apart. This action is therefore quite different from *Pritzker v. Yari*, 42 F.3d 53 (1st Cir. 1994), cited for support in the Bank's motion to transfer, which involved the travel distance between New York and Puerto Rico. In fact, it is worth emphasizing that the *Pritzker* court actually found that, "[i]n the modern era, the need to travel between New

York and Puerto Rico creates no especially ponderous burden for business travelers" and that the New York-based defendant was properly subject to the court's jurisdiction in Puerto Rico. *Id.* at 64-65.

The positions the Bank took in connection with its motion for preliminary injunction are also instructive. To show that the Eastern Division is not a convenient forum, the Bank now claims that its "customers and users of the Bank products are located in Worcester County" and that "those users . . . are likely to be involved [in this action] as fact witnesses." *See* Dkt. 19, ¶ 7. In seeking a preliminary injunction, however, the Bank claimed that while its primary geographical market consists of Worcester and the surrounding communities, "its customers [also] live in approximately 431 different postal zip codes in Massachusetts, and in 29 other states." *See* Dkt. 6, pp. 1-2.

Moreover, in arguing that Baystate Financial would likely not be able to establish a so-called "limited area" defense to the Bank's trademark infringement action, the Bank not only implicitly recognized that Baystate Financial used its mark in a geographical area that was not sufficiently remote to afford "limited area" protection, but the Bank also specifically stated that Baystate Financial could not avail itself of the defense given, among other things, "**the proximity of Worcester to Boston**" and the difficulty that might pose to Baystate Financial's ability to prove that it adopted its mark without knowledge of the Bank's alleged prior use. *Id.* at p. 17 n. 25. (Emphasis added). In short, where circumstances have suited it, the Bank has acknowledged – and even emphasized – the close proximity of Worcester to Boston. It is only now, after the Bank's motion for preliminary injunction was denied and the case was transferred to the Eastern Division, that the Bank has complained that too great a distance separates Worcester from Boston.

Where the Court already determined that good cause existed for this case to be transferred to the Eastern Division, presumably to keep this action with Judge Gorton, there is little reason to retransfer this matter back to the Central Division simply because some of the witnesses will need to travel less than 50 miles to make any appearances that might ultimately be necessary in this case.  To the extent there is any inconvenience associated with such travel, Baystate Financial and many of its witnesses would be just as inconvenienced if this matter were now transferred back to the Central Division.  Indeed, Baystate Financial's principal place of business is at 699 Boylston Street in Boston (Dkt. 16, ¶ 1).  David Porter and Richard Denton, each of whom submitted affidavits in opposition to the Bank's motion for preliminary injunction (Dkt. 16-17), work in Baystate Financial's Boston and Lynnfield offices, respectively.  Similarly, although Baystate Financial's third affiant, Richard Wilson (Dkt. 15), is no longer employed by Baystate Financial, Mr. Wilson resides in Magnolia, Essex County, Massachusetts.

## CONCLUSION

For the foregoing reasons, the Bank's motion to transfer this case from the Eastern Division to the Central Division should be denied.

BAYSTATE FINANCIAL SERVICES, LLC,

By its attorneys,

 /s/ Brian K. French
Debra K. Mayfield (BBO #549389)
Christopher P. Litterio (BBO #551098)
Brian K. French (BBO #637856)
RUBERTO, ISRAEL & WEINER, P.C.
100 North Washington Street
Boston, Massachusetts 02114
(617) 742-4200

Dated:  December 21, 2004