UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAY STATE SAVINGS BANK,<br><br>Plaintiff,<br><br>v.<br><br>BAYSTATE FINANCIAL SERVICES, LLC,<br><br>Defendant. | Civil Action No. 4:03-cv-40273-FDS |

## CONFIDENTIALITY STIPULATION AND AGREED PROTECTIVE ORDER

Whereas plaintiff and defendant hereby recognize that each party possesses, or might possess, information of a confidential nature into which it may be necessary for the other party to inquire during discovery proceedings in this case but which should not be made available to the public generally, or, in certain circumstances, to the opposing party, as a result of the proceedings in this case, it is hereby stipulated by and among the parties, and the Court hereby orders that:

1. This Stipulation and Agreed Protective Order shall govern all information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and information produced in any other form in response to discovery conducted in this case, and as part of any motions, brief or other filings. All copies, abstracts, digests, summaries and other materials consisting of, based on, or incorporating material designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" are subject to the provisions of this Stipulation and shall hereinafter be referred to as "Confidential Information".

2. As used in this Protective Order, "Document" shall refer to any material, whether in writing, in the form of computer software or otherwise.

3. All Confidential Information produced by either plaintiff or by defendant during the course of the above-captioned proceeding, including any hearings, trial or appeals, shall not be used for any purpose other than in connection with this litigation and shall not be disclosed to, discussed with, or used by anyone except:

    (a) The parties in the above captioned matter;

    (b) Attorneys with law firms that are counsel of record in this matter, including partners, associates, paralegals and secretaries who are involved in discovery and the investigation and preparation of this matter for trial;

    (c) Employees of any party to the litigation on a need-to-know basis only. This will include employees who are fact witnesses who must assist in the preparation of the case;

    (d) Independent experts retained by the above described parties for purposes of assisting the parties and their attorneys in the preparation and presentation of their claims or defenses in this matter; and

    (e) Any non-party witnesses in the course of, or in preparation for, testimony at any hearing, trial or appeal of this matter.

4. All Confidential Information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" which is produced by either plaintiff or defendant during the course of the above-captioned proceeding, including any hearing, trial or appeals will not be disclosed to, discussed with or used by anyone except attorneys with law firms that

are counsel of record in this matter, including partners, associates, paralegals and secretaries who are involved in discovery and the investigation and preparation of this matter for trial, and independent experts retained by the above described parties for purposes of assisting the parties and their attorneys in the preparation and presentation of their claims or defenses in this matter. Such information shall be used solely in the prosecution or defense of this action.

5. Any persons (excluding those identified in paragraphs 3(a) and (b) above) furnished with Confidential Information shall first be given a copy of this Confidentiality Stipulation, shall read it and shall consent in writing to be bound by the terms, conditions and limitations of this Confidentiality Stipulation by executing a form of consent in the form annexed hereto as Exhibit A.

6. Plaintiff and defendant shall each maintain a list of all persons (excluding those identified in paragraphs 3(a) and (b) above) to whom Confidential Information is disclosed.

7. No Confidential Information shall be disclosed or delivered to any person other than those categories of persons referred to in paragraphs 1(a) through (e) above, except in accordance with paragraph 8 herein. Counsel is barred from disclosing in any way or releasing to the public any pleadings or matters, or the contents thereof, pertaining to this action, that contain or reveal Confidential Information as designated herein. Should the parties wish to disclose Confidential Information at a hearing or trial in this litigation, counsel for the parties shall request that the proceeding, or portion thereof, be held in camera, and shall take other reasonable steps to avoid publication of Confidential Information by its inclusion in the record. When Confidential

Information is filed with the Court, for whatever purpose, it and the pleading or motion to which it is attached, shall be filed in an envelope, the outside of which shows the case's caption, the identity of the pleading or motion, and the legend "CONFIDENTIAL: FILED UNDER SEAL."

8.  The Confidential Information may only be disclosed to persons who are <u>not</u> included in those categories of persons referred to in paragraphs 1(a) through (e) above, upon the prior written consent of counsel for the designating party or pursuant to court order.

9.  Each deposition transcript or portion thereof, each set of interrogatory answers or other discovery responses or portion thereof, each produced document or portion thereof, each software or thing or portion thereof, which is deemed by either party to disclose confidential information is to be identified as follows, and upon being so identified shall constitute Confidential Information within the meaning of this Stipulation and Agreed Protective Order. The party so marking or designating such material shall use reasonable efforts to indicate and distinguish the confidential and non-confidential portions of such material.

    a.  In the case of interrogatory answers, other discovery responses, documents, software, or things, the material will be so identified and labeled by that person or party:

    "CONFIDENTIAL".

    Such identification and marking shall be made at or prior to the time the answer to the interrogatory or other discovery response is served, a copy of the document is provided, or such inspection of things is made.

  b. In the case of deposition transcript pages, the designating person shall advise the parties, within thirty days following receipt by the designating person of the deposition transcript, as to the specific deposition transcript pages to be maintained in confidence. During said thirty day period, the entire deposition transcript shall be deemed to be confidential. Unless identified and marked, any confidentiality is waived unless otherwise stipulated or ordered.

10. This Stipulation and Order shall not apply to any documents, or information contained therein, which are available publicly or are a matter of public record on file with any governmental or regulatory agency or board.

11. Any party that believes that Confidential Information has been incorrectly designated as Confidential or as Confidential–Attorneys' Eyes Only may send to counsel for the party that has made the designation a notice explaining why the designation appears to be incorrect and requesting a change in the designation. If the designating party does not agree to change the designation within thirty days of such written notice, the party seeking to change the designation may apply to the Court for a ruling as to the proper designation of the material in question.

12. Within thirty (30) calendar days of the final determination of this action, including appeals, each party shall return all Confidential Documents, and Confidential Attorneys' Eyes Only Documents, including all copies thereof via certified mail, to counsel for the designating party.

13. Nothing in this Confidentiality Stipulation shall be construed as a waiver by plaintiff or defendant of their right to object to a request for any discovery.

14. All obligations imposed by the terms and conditions of the Confidentiality Stipulation shall survive and be enforceable by either party in the United States District Court for the District of Massachusetts, notwithstanding the termination of this proceeding by final decision or otherwise.

15. This Confidentiality Stipulation cannot be modified except by a writing jointly signed by the parties hereto or pursuant to the order of any court or other body of competent jurisdiction.

16. The breach of any term of this Confidentiality Stipulation shall be deemed to be breach of the entire Confidentiality Stipulation. Either party's failure to pursue a breach of this Confidentiality Stipulation shall not be deemed to be a waiver of that party's right to pursue any other breach of this Confidentiality Stipulation.

17. If a United States District Court determines that a breach of this Confidentiality Stipulation has occurred the non-breaching party shall be entitled to its reasonable attorneys' fees incurred in connection with enforcing its right under this Confidentiality Stipulation. The plaintiff and defendant shall be responsible for attorneys' fees only in the event that a United States District Court determines that a breach of this Confidentiality Stipulation has been committed by their respective agents or employees, and not for any breach committed by a non-party witness who has consent to be bound by the Stipulation under paragraph 5.

AGREED this _____ day of September, 2005.

| Plaintiff, | Defendant, |
|---|---|
| BAY STATE SAVINGS BANK, | BAYSTATE FINANCIAL SERVICES, LLC, |
| By its attorneys, | By their attorneys, |

*/s/ Ann Marie Dirsa*

James C. Donnelly, Jr. (BBO# 129700)
Ann Marie Dirsa (BBO# 650173)
MIRICK O'CONNELL DEMALLIE &
LOUGEE, LLP
100 Front Street
Worcester, MA 01608-1477
(508) 791-8500

*/s/ Christopher P. Litterio*

Christopher P. Litterio (BBO#551098)
RUBERTO, ISRAEL & WEINER, P.C.
100 North Washington Street
Boston, MA 02114
(617) 742-4200

So Ordered:

*/s/ F. Saylor*

Saylor, J.
United States District Court

{H:\PA\Lit\16311\00003\A0837969.DOC}7

## EXHIBIT A

## AGREEMENT CONCERNING STIPULATION AND ORDER

I, _____ have read the Stipulation and Order entered in the United States District Court in the Civil Action entitled *Bay State Savings Bank v. Baystate Financial Services, LLC*, Civil Action No. 4:03-cv-40273-FDS, and I understand the terms thereof, and agree to be bound by such terms. I will not disclose to any person other than those specifically authorized by the Stipulation and Order, and will not copy or use except solely for the purpose of this litigation, any information, protected by the Stipulation and Order except as expressly permitted by the Court.

Dated:                                  Agreed:_____

                                        Name and address:_____

                                        _____

                                        _____

{H:\PA\Lit\16311\00003\A0837969.DOC}