UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAY STATE SAVINGS BANK, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 4:03-cv-40273-FDS |
| BAYSTATE FINANCIAL SERVICES, LLC, | ) |
| Defendant. | ) |

**BAYSTATE FINANCIAL SERVICES, LLC'S
OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

This is a trademark dispute where plaintiff Bay State Savings Bank (the "Bank") alleges that the name and related trademarks of Baystate Financial Services, (a business operating in the financial services arena and not a savings bank) are an infringement on the Bank's name and similarly registered marks. Judge Gorton disagreed and on June 25, 2004 denied the Bank's motion for a preliminary injunction seeking to preclude Baystate Financial Services ("Baystate Financial") from using its name and related marks to promote financial services and insurance products.[1]

The Bank now seeks to compel production of documents and interrogatory answers to overly broad and burdensome requests in the guise of discovering whether or not the Bank and

---

[1] Plaintiff filed a motion for a preliminary injunction seeking to preclude Baystate Financial from using the Baystate mark in connection with the promotion of its financial services and insurance business. Plaintiff claimed that its federal registration of various trademarks in 2001 and 2002 using the name "Bay State" entitled it to be named the superior user of the marks. The court denied the Bank's motion finding that: (1) Baystate Financial is the first user of the marks in the financial services and insurance arena having begun using the marks in 1983; (2) The Bank could not have been the first user of the marks in the financial services and insurance arena since savings banks were prohibited by law from offering general insurance products until 1998 and investment services until the passage of the Gramm-Leach-Bliley Act of 1999; (3) The Bank, when it did begin offering investment services in 1999 marketed those services under the "Minuteman Investment" service mark; and (4) Within the arena of financial services, insurance and investments [Baystate] Financial pre-dates [the Bank]. See June 24, 2005 Order Denying Plaintiff's Motion for Preliminary Injunction at pages 2, 14-17, attached as Exhibit A.

Baystate Financial: (1) are operating in the same channels of trade; and (2) whether or not Baystate Financial's advertising is likely to cause confusion in the marketplace.

The specific documents or information the Bank is seeking have either already been provided, do not exist or is beyond the scope of what the Bank is entitled to discover. Just as the Bank is confused about the application of the "first use" doctrine in relation to trademark superiority, it is also confused as to the type of information necessary to prove its claim.

## BACKGROUND OF THE PARTIES

Since 1983, Baystate Financial has offered financial services such as life insurance, the purchase and sale of securities and financial planning services to its clients. Although Bay State Savings Bank (the "Bank") has been a federally chartered savings bank since 1895, as a matter of law, it was not allowed to engage in the general insurance business until 1998 (*see* 1998 Mass. Acts 129, §3) and financial services business until 1999 when the Gramm-Leach-Bliley Act absolved the restrictions preventing savings banks from providing financial services. The Bank has always been first and foremost a savings and loan institution, whereas Baystate Financial primarily sells insurance products and provides financial planning to its customers. The Bank seeks discovery relating to one of the programs run by Baystate Financial called the Bank Affiliate Program and information relating to Baystate Financial's acquisition of the Patriot Group. For the reasons stated below, Baystate Financial has satisfied all of its discovery obligations.

A.  **Baystate Financial Has Provided All Relevant Information Related to its Bank Affiliate Programs.**

    1.  **What are the Bank Affiliate Programs.**

Baystate Financial enters into Joint Marketing Agreements with banks to provide investment advisory and insurance services. Banks may not offer insurance services without

2

being registered with the Department of Insurance or sell securities without having a broker dealer license. The affiliation with Baystate Financial allows small banks to provide these services their customers. Each of the financial services programs are run through the contracting banks and are promoted in the name of the bank, not in the name of Baystate Financial Services. *See* sample marketing materials for the program run through Fidelity Bank attached as Exhibit B. As a result, "Baystate Financial" is not known or promoted to the bank's customers. The materials received by the customers identify the corresponding bank and not Baystate as the information contact regarding the financial services.

### 2. Related Discovery Requests

Plaintiff has been advised of the nature of the relationship between a contracting bank, Baystate Financial and a bank's customers and has been provided with documents to support this representation. In response to the document demand and interrogatory request asking for information on the Bank Affiliation program the following information has been produced:

a. The contract for the only bank in Worcester county that participates in the affiliation program (this is a sample of the contracts entered into with the other bank participants);

b. The commission revenue reports for all Banks under the Bank Affiliate program; and

c. Sample advertisements for Bank Affiliate Programs (which includes Exhibit B attached to this motion).

The information provided above responds to the Bank's desire to know if the parties use of their marks are present "in the same channel of trade". The Bank has been provided with the

contract outlining the relationship in the one Worcester county bank where the Bank Affiliate Program is in operation and revenue reports for all Banks under the Bank Affiliate program.

Plaintiff admits in its motion to this court that its primary geographic market is Worcester and the surrounding communities of Auburn and Holden. *See* Plaintiff's Brief at pages 3 and 6. To require Baystate Financial to produce contracts with Banks outside of this geographic area is beyond the scope of discovery which should be allowed in this matter and is nothing more than a fishing expedition by plaintiffs. For the Bank to suggest that they are entitled to all information on every Bank Affiliate program in the state is overly broad and beyond the scope of discovery when they only operate in Worcester. Furthermore, since the sample promotional materials which have been produced show that the Bank Affiliate programs are being marketed through the name of partnered banks and not Baystate Financial, additional materials would be redundant, irrelevant and burdensome to Baystate Financial.

**B.    Baystate Financial Has Satisfied Its Obligations Regarding Documents Relevant to the Patriot Group and the Bank is Seeking Additional Documents That Do Not Exist.**

Baystate Financial has been using the Baystate marks to support its business nationally and in Massachusetts for over 20 years. It was not until 2003, when Baystate Financial purchased the Patriot Group in Worcester that the Bank became concerned about the use of the name "Baystate" by Baystate Financial.

The Bank now seeks information on the names of employees from the Patriot Group who continued to be employed by Baystate Financial and documentation concerning sales to customers located in Worcester County since the acquisition of the Patriot Group.[2] In addition,

---

[2] Although the Bank states in its motion that it seeks documentation concerning sales and promotional activities conducted by the former Patriot Group Employees who remained at Baystate Financial the document request and interrogatory identified by plaintiff in its motion to compel do not ask for this information. Document Request #14 asks for: "All documents concerning any and all employees of the Patriot Group who subsequently became

the Bank seeks to discover documents related to any efforts to notify the Patriot Group customers of the name change post acquisition.

The Patriot Group was a group of independent agents primarily selling life insurance products to clients. Baystate Financial's Answer to Plaintiff's Interrogatory 13 (to which plaintiffs have not moved to compel further information) states that no documents exist concerning efforts to solicit customers of the Patriot Group. There were no solicitations to customers of The Patriot Group because the customers' relationship was with their individual agent – and the agents remained with Baystate Financial after the acquisition.

In reference to the marketing information generally, the Bank does not need to know the names of employees in order to determine the type of marketing that Baystate Financial does in Worcester county. The Bank has been provided with Annual reports of Baystate Financial which includes information on the identification of the business and avenues of trade. The Annual Reports identify volume of sales, types of products sold and revenue information – just the information the Bank seeks to gain through employee identification. Furthermore, the Bank has been provided with the general marketing materials of Baystate Financial during the relevant time period, which includes post Patriot Group acquisition. As a result, the Bank has been provided with documents which address their inquiries into the marketing efforts of Baystate Financial.

C.    **Conclusion**

The Bank's requests are overly broad and outside the scope of the discovery of admissible evidence. Furthermore, the information that the Bank is entitled to has been completely provided in the documents that have been produced to date. Baystate Financial has

---

employed by Baystate Financial Services"; and Interrogatory #17 requests that Baystate Financial "Identify each employee of the Patriot Group who subsequently became employed by defendants." Standing on their own, these requests are either overly broad or seeking completely irrelevant information.

supplemented its discovery responses to reflect the fact that the relevant materials were produced at the time documents were originally provided to the Bank; or that such documents do not exist. *See* Exhibits C &D for updated written responses.

WHEREFORE, Baystate Financial respectfully requests that this court deny Plaintiff's motion to compel further answers to document demands 14 and 37 and interrogatories 11 and 17.

The Defendant,
BAYSTATE FINANCIAL SERVICES, LLC,
By its attorneys,

_____
Christopher P. Litterio (BBO #551098)
Maureen Mulligan (BBO#556482)
RUBERTO, ISRAEL & WEINER, P.C.
100 North Washington Street
Boston, Massachusetts 02114
(617) 742-4200

Dated: November 16, 2005

## CERTIFICATE OF SERVICE

I, Maureen Mulligan, hereby certify that on this 16th day of November, 2005, a true copy of the within document was served upon plaintiff's counsel of record via electronic mail.

_____
Maureen Mulligan

U:\MSM\Baystate Financial\pleadings\Opposition to Motion to Compel.doc