# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAY STATE SAVINGS BANK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BAYSTATE FINANCIAL )<br>SERVICES, LLC, )<br>)<br>Defendant. ) | Civil Action No. 4:03-cv-40273-FDS |

**DEFENDANT'S SUPPLEMENTAL ANSWERS
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant Baystate Financial Services, LLC ("Baystate Financial") hereby submits its supplemental answers to the Interrogatories propounded by plaintiff Bay State Savings Bank (the "Bank") as follows:

GENERAL OBJECTIONS

1.   Baystate Financial objects to each interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege or work product doctrine.

2.   Baystate Financial objects to each interrogatory to the extent that it seeks confidential information, the disclosure of which, in the absence of an adequate protective order, will harm Baystate Financial or related entities.

3.   Baystate Financial objects to each interrogatory to the extent that it seeks information beyond the permitted scope of discovery under Fed. R. Civ. P. 26 or the Local Rules.

## SPECIFIC OBJECTIONS AND ANSWERS

Interrogatory No. 9:

Identify and describe all advertising or promotional activities of Defendant and its Predecessors concerning the BAYSTATE Marks each year from first use of the marks to the present including:

a. A brief description of the activity or category of activity;
b. The amount of time, money or other resources spent supporting such activities; and
c. The persons with knowledge of the activity.

Supplemental Answer to Interrogatory No. 9:

Baystate Financial objects to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, please see Answers to Interrogatory Nos. 1 and 3. Further answering, Baystate Financial refers plaintiff to the documents produced by Baystate Financial.

Interrogatory No. 10:

Identify and describe all business or marketing plans of Defendant and its Predecessors concerning use or promotion of the BAYSTATE Marks, or goods or services bearing the BAYSTATE Marks.

Supplemental Answer to Interrogatory No. 10:

Baystate Financial objects to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Baystate Financial also objects to this interrogatory to the extent that it seeks confidential information, the disclosure of which would harm Baystate Financial or related entities. Further answering, Baystate Financial refers plaintiff to the documents produced by Baystate Financial.

Interrogatory No. 11:

Identify and describe Defendant's "Bank Affiliate Program" including:

a. The identity of each participating financial institution;
b. The advertising and promotional activities supporting the program;
c. The use of BAYSTATE Marks in connection with such program, or any goods or services pertaining to the program;
d. The sales, revenues, commissions and profit for activities related to each participating financial institution;
e. The persons with knowledge of the program;
f. The documents concerning the program.

Supplemental Answer to Interrogatory No. 11:

Baystate Financial objects to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Baystate Financial also objects to this interrogatory to the extent that it seeks confidential information, the disclosure of which would harm Baystate Financial or related entities. Subject to and without waiver of the foregoing objections, Baystate Financial has contracts with various banks whereby it provides financial services on behalf of the banks. Further answering, Baystate Financial refers plaintiff to the documents produced by Baystate Financial.

Interrogatory No. 12:

Identify and describe separately for each year since first use of the BAYSTATE Marks the precise geographic territory and the manner in which the BAYSTATE Marks have been used by Defendant and its Predecessors within such territory. Please include in the description for each separate year:

a. The dates the BAYSTATE Mark was used in such territory;
b. The nature of use of the BAYSTATE Marks in such territory;
c. The identity of persons with knowledge of the foregoing; and
d. The identity of documents reflecting use in such territory.

<u>Answer to Interrogatory No. 12</u>:

Baystate Financial objects to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, please see Answers to Interrogatory Nos. 1-3. Further answering, Baystate Financial states that it has serviced clients throughout Massachusetts for several years, and Baystate Financial refers plaintiff to the documents produced by Baystate Financial.

> The Defendant,
> BAYSTATE FINANCIAL SERVICES, LLC,
> By its attorneys,
>
> */s/ Christopher P. Litterio*
> Christopher P. Litterio (BBO #551098)
> RUBERTO, ISRAEL & WEINER, P.C.
> 100 North Washington Street
> Boston, Massachusetts 02114
> (617) 742-4200

Dated: November 15, 2005

---

**CERTIFICATE OF SERVICE**

I, Christopher P. Litterio, hereby certify that on this 15th day of November, 2005, I did serve a true copy of the within document on counsel of record for plaintiff, via first class mail, postage prepaid */s/ Christopher P. Litterio*

---

U:\PM\CPL\Baystate\Pleadings\supp ans to ints.doc