UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BAY STATE SAVINGS BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:03-cv-40273-FDS |
| | ) | |
| BAYSTATE FINANCIAL SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## PROPOSED AGENDA FOR STATUS CONFERENCE

The parties suggest the following agenda for the status conference:

1.    <u>Discovery</u>: The parties have completed fact discovery.

2.    <u>Pending Motions</u>: Plaintiff filed, and Defendant opposed, a Motion to Compel Production of Documents.  That Motion has been referred to Magistrate Judge Swartwood.

3.    <u>Potential Dispositive Motions</u>

<u>Defendant's Position</u>:  Based on the fact discovery taken to date, it appears that the court can rule on the issue of first use as a matter of law since the material facts are not in dispute.  As found by Judge Gorton on Plaintiff's Motion for a Preliminary Injunction, the Defendant was the first user of the "Baystate" name for non-banking financial goods and services, such as investments and insurance.  Fact discovery has further established that the facts on this issue are undisputed.  Resolution of the first use issue in favor of Defendant would dispose of Plaintiff's case and leave only Defendant's counterclaims.  Such a result would drastically narrow the scope of the case and would eliminate the need for expert witness on the issues of secondary meaning and likelihood of confusion with respect to Plaintiff's claims to use

the disputed mark.  Accordingly, Defendant suggests that the court should stay expert discovery, allow Defendant to file a motion for summary judgment, and after a ruling, determine what expert discovery will be necessary.

Plaintiff's Position:  Defendant has proposed, in substance, that the Scheduling Order be amended to permit a motion for summary judgment based on "first use" of the Bay State® mark *before expert discovery has been completed*.  Plaintiff opposes this suggestion because it would be time consuming and wasteful of resources.  Expert evidence is highly relevant.  The Plaintiff has already engaged experts, who are working on their reports.  The court would almost certainly postpone a decision on any such motion until expert discovery is available, but by the time the issue was ripe for consideration, the Plaintiff would have incurred additional expense and delay.  The factual basis for this opposition is as follows:

On May 15, 2001 the U.S. Patent & Trademark Office ("PTO") issued to Bay State Savings Bank a service mark registration for the Bay State® mark in International Class ("IC") 36.  The federal registration covers the following list of services:

> Banking Services And Financial Services, Namely, Financial Investment In The Field Of Real Estate, Stocks, Bonds, Commercial Paper, And Other Securities, Financial Management And Planning And Financial Guarantee And Surety.

Plaintiff first used the Bay State® mark in IC 36, which is defined to include "Insurance; financial affairs, monetary affairs, and real estate affairs," in 1895.  *See Affidavit of Robert Lewis at ¶ 5.*  The PTO subsequently issued to the Plaintiff registrations for several additional and related marks in IC 36.  The additional federal registrations include Bay State Savings Bank, Bay State Online, and Bay State Bank.  *See Lewis Aff. at ¶ 16 and Affidavit of  Gerry A. Blodgett, Esq. at ¶2; also Exhibit 11-A to 11-M.*

2

The Affidavit of Gerry A. Blodgett, Esq., an experienced patent and trademark lawyer who handled the registrations, explains (at ¶13) that 1895 is the correct date for purposes of a federal service mark registration. This is based on the plain language of 37 C.F.R. §2.88(c) that:

> The statement of use may be filed only when the applicant has made use of the mark in commerce on or in connection with all of the goods or services ... for which the applicant will seek registration. ... If more than one item of goods or services is specified in the statement of use, the dates of use required in ... this section need be for only one of the items specified in each class, provided the particular item to which the dates apply is designated.

All of the services involved in this case are in Class 36. It was therefore sufficient to give the date of only one service. To the extent that the service recitations overlap, as in the case of banking services and financial services, they are not in fact more than one service. According to Mr. Blodgett who will be one of the Plaintiff's experts, the date of the first use for the one is the same as the first use of the other. *Blodgett Aff. at ¶ 13.* Similar presumptions arise from Plaintiff's state registrations. *Id.*

Plaintiff's registrations create a statutory presumption of ownership and validity. For example, 15 U.S.C. 1115(a) provides that such registrations:

> ... shall be prima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce or in connection with the goods and services specified in the registration subject to any conditions or limitations stated therein.

The only conceivable way for the Defendant to overcome the presumption would be with its own expert analysis, which would first be subject to cross examination at a deposition under Fed. R. Civ. P. 26. If such a motion is to be considered at all, it should only be after expert discovery has concluded.

3

The Plaintiff,                                          The Defendant,
BAY STATE SAVINGS BANK                                  BAYSTATE FINANCIAL SERVICES, LLC,
By its attorneys,                                       By its attorneys,


/s/ James C. Donnelly_____                  /s/ Christopher P. Litterio_____
James C. Donnelly                                       Christopher P. Litterio (BBO #551098)
MIRICK, O'CONNELL, DEMALLIE &                           RUBERTO, ISRAEL & WEINER, P.C.
LOUGEE, LLP                                             100 North Washington Street
100 Front Street                                        Boston, Massachusetts 02114
Worcester, MA  01608-1477                               (617) 742-4200
(508) 791-8500

Dated: December 21, 2005

U:\PM\CPL\Baystate\Pleadings\Proposed Agenda for Status Conference.doc

4

{H:\PA\Lit\16311\00003\A0868583.DOC}