UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
BAY STATE SAVINGS BANK,                     )
        Plaintiff,                          )
                                            )
vs.                                         )   **CIVIL ACTION**
                                            )   **No. 03-40273-FDS**
BAYSTATE FINANCIAL SERVICES, LLC,           )
        Defendant                           )
                                            )
_____)

ORDER
January 31, 2006

**Swartwood, C.M.J.**

Nature of the Proceeding

By Order of Reference dated November 28, 2006, Plaintiff Bay State Savings Bank's Motion To Compel Discovery (Docket No. 31) was referred to me for disposition.

Nature of the Case

Bay State Savings Bank (the "Bank") has asserted various claims against Baystate Financial Services, LLC ("BFS") under federal and state intellectual property law, including, claims under the Lanham Act, 15 U.S.C. §1125(a) and Mass. Gen. L. ch. 110B, for misappropriation of the Bank's service mark and/or internet domain name and dilution of the Bank's service mark as a result of BSF's use of such mark for commercial gain. Additionally, the Bank has asserted a claim against BSF under the

Massachusetts Consumer Protection Act, Mass.Gen.L. ch. 93A ("Chapter 93A"). The Bank seeks monetary and injunctive relief.[1]

BSF has filed a counterclaim against the Bank in which it asserts claims under federal and/or state common and statutory law (including the Lanham Act and Mass.Gen.L. ch. 1110B) for: unfair competition by infringement of common law rights; trademark infringement in violation of 15 U.S.C. §1125(a); trademark dilution in violation of 15 U.S.C. §1125(c); cyberpiracy, in violation of 15 U.S.C. §1125(d); fraudulent registration in violation of 15 U.S.C. §1120; and violation of Chapter 93A. BSF seeks monetary and injunctive relief.

## Discussion

### The Requests

BSF has refused to answer interrogatories and produce documents concerning its "Bank Affiliate Program", which is a program whereby BSF offers services and products through banks that are similar to those offered by the Bank. Specifically, in Document Request No. 37, the Bank requests:

> All documents concerning or containing information concerning [BSF's] or its Predecessors' Bank Affiliate Program including but not limited to:

---

[1] This Court, (Gorton, D.J.), has previously denied the Bank's request for a preliminary injunction against BSF to prevent dilution of its service mark after finding that the Bank had failed to establish a likelihood of success on the merits of its trademark infringement claims (the Bank requested that the Court order BSF to refrain from using, authorizing or employing the name and the mark "Bay State" or any colorable imitation thereof.) See Order, dated June 25, 2004 (Docket No. 18).

      a. Agreements with participating banks;
      b. Correspondence;
      c. Referral of customers from or to such banks;
      d. Advertising and promotion of the Bank Affiliate Program or any goods or services offered under said program;
      e. Total dollar sales and unit sales under said Program;
      f. Total revenues, profits and net profits generated by or for Defendant or its Predecessors' under said Program.

Appendix of Exhibits (Docket No. 33)("Pl's Exs."), Ex. C, at pp. 16-17.

BSF has objected to the request and refused to produce the documents on the grounds that "this request is irrelevant, overly broad and not reasonably calculated to lead to discovery of admissible evidence. [BSF] also objects to this request to the extent that it seeks documents that contain confidential information, the disclosure of which would harm [BSF] or related entities". Id., at p. 17.

The Bank also seeks to compel BSF to answer its Interrogatory No. 11, which requests that BSF:

Identify and describe [BSF's] "Bank Affiliate Program" including:

      a. The identity of each participating financial institution;
      b. The advertising and promotional activities supporting the program;
      c. The use of BAYSTATE Marks in connection with such program, or any goods or services pertaining to the program;
      d. The sales, revenues, commissions and profit for activities related to each participating financial institution;
      e. The persons with knowledge of the program;

>       f.    The documents concerning the program.

Pl's Exs., Ex. D., at p. 12.

BSF has objected to Interrogatory No. 11 "as overly broad, unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence. [BSF] also objects to this interrogatory to the extent that it seeks confidential information, the disclosure of which would harm [BSF] or related entities. Subject to and without waiver of the foregoing objections, [BSF] has contracts with various banks whereby it provides financial services on behalf of the banks". Id., at p. 17.

## The Parties' Positions

The Bank argues that "[t]he information requested through Document Request No. 37 and Interrogatory No. 11 concerning the Bank Affiliate Program is relevant to show the extent to which [BSF] competes with the Bank and the relationship between the parties' channels of trade, which are factors the Court is required to consider in evaluating the likelihood of confusion under the Lanham Act ... .". Pl. Bank's Mem. In Supp. Of Mot. To Compel Disc. (Docket No. 32), at p. 6.

In opposition to the Bank's motion to compel, BSF argues that it should not be required to produce information concerning its Bank Affiliate programs outside of Worcester County first, because the Bank's primary geographic market is Worcester County and second, because Bank Affiliate programs outside of Worcester County

are marketed through the name of the partnered banks and not BSF. Under these circumstances, according to BSF, information concerning Bank Affiliate programs outside of Worcester County is redundant, irrelevant, and would be burdensome for BSF to produce.

### Ruling

I agree with BSF that in response to the Bank's request for production of documents and its interrogatory seeking information concerning BSF's Bank Affiliate program, BSF's responses shall be limited to its Bank Affiliate program within Worcester County. However, I caution BSF that in making this ruling, I am assuming, based on its opposition, that the service marks, trade marks, internet domain names, etc. at issue in either the Bank's claims or BSF's counterclaims are not used by any Bank Affiliated Program outside of Worcester County.

As to the Bank's request for names of employees with knowledge of BSF's Bank Affiliate Program, it is not for BSF to speculate as to what information the Bank seeks to garner from such employees, or to conclude that it has given the Bank all the information which it could glean from such persons. BSF shall provide the requested names.

Finally, to the extent that in its opposition BSF indicates that its other responses to interrogatories and/or requests for production of documents are responsive to Document Request No. 37 and or Interrogatory No. 11 or that such responses make clear no

such information/documents are available, BSF should include that information *in* its supplemental responses to Interrogatory No. 11 and Document Request No. 37.

## Conclusion

Plaintiff Bay State Savings Bank's Motion To Compel Discovery (Docket No. 31)is <u>allowed</u> in part, and <u>denied</u> in part, as provided in this Order.

<u>/s/ Charles B. Swartwood</u>
Charles B. Swartwood, III
CHIEF MAGISTRATE JUDGE
