UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAY STATE SAVINGS BANK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BAYSTATE FINANCIAL )<br>SERVICES, LLC, )<br>)<br>Defendant. )<br>) | Civil Action No. 4:03-cv-40273-FDS |

### DEFENDANT BAYSTATE FINANCIAL SERVICES, LLC'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE EXPERT AFFIDAVITS OF (1) GERRY BLODGETT, (2) KELLY MYERS AND 1999 AND 2001 IMAGE AND POSITIONING SURVEYS

Defendant Baystate Financial Services hereby moves to strike the (1) Affidavit of Gerry Blodgett, the (2) Affidavit of Kelly Myers and (3) the 1999 and 2001 Image and Positioning Surveys submitted by Plaintiffs as Exhibits 9 and 10 in support of Bay State Savings Bank's Motion for Summary Judgment on Counterclaims. Both Mr. Blodgett and Mr. Myers have been identified as experts in this matter and neither are qualified to testify as such.

**A.    Gerry Blodgett**

Mr. Blodgett's Affidavit focuses on whether or not the proper procedures were followed in connection with the filing of the trademark applications at issue in this litigation. He also attempts to opine on who is the first user of the "Baystate" mark in the field of investment and insurance services. Mr. Blodgett's Affidavit is a thinly disguised attempt to impose an "expert's view on the ultimate legal issues to be decided by the court. Expert testimony about law is inadmissible. *Reed v. Edison Electric Illuminating Co*, 225 Mass. 163, 167 (1916). Further, although Mr. Blodgett has been identified as an expert, he was the attorney who represented the

Bank at the time the trademark applications that are the subject of this litigation were filed. So, essentially, in some instances, he is providing "expert testimony" on whether he followed the proper legal procedures in registering the marks. This certainly affects the reliability of Mr. Blodgett's testimony.

Mr. Blodgett also offers testimony to the "distinctiveness" of the Bank's marks and the likelihood of confusion of the Bank's marks with those of Baystate Financial. This issue is normally proven either by the entry of circumstantial (i.e. factual) or survey evidence. Since Blodgett did not conduct a survey he is not competent to testify in this regard.

Baystate Financial Services requests that the court strike Mr. Blodgett's entire affidavit from the record.

**B.     Kelly Myers and the Imaging and Positioning Surveys**

Kelly Myers' affidavit purports to offer testimony on the issue of secondary meaning of the "Bay State" marks. He bases his testimony on two surveys performed in 1999 and 2001. One of the crucial components of expert testimony is that it needs to be both reliable and relevant. *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). Myers' Testimony is neither.

To begin, the image and positioning surveys relied upon by Myers were not designed to test secondary meaning of any of the Bay State Savings Bank's marks. They were designed to be used for marketing purposes. (Second Mulligan Affidavit, Ex. A, p. 94). Therefore, the underlying "evidence" which supports his opinion is irrelevant and not reliable as to secondary meaning. Even if Plaintiff argues that an expert can "extrapolate" information from the surveys to "opine" on secondary meaning this still would not make Myers' testimony admissible or relevant.

Myers testified that he is not qualified to testify about trademark issues. "it is not my area of expertise." (Second Mulligan Affidavit Ex. A, p. 149). Myers testified at his deposition that he does not even know what the term "Bay State Mark" means and that the statement in his affidavit which asserts that the "survey shows that the Bay State mark is widely recognized and highly regarded", was not drafted by him. (Second Mulligan Affidavit, Ex. A pp. 71-72.) In addition, Myers did not design or evaluate the data for the 1999 survey.

As a result, the 1999 and 2001 Image and Positioning Surveys have no plausible relationship to the analysis of secondary meaning in this case.

As a result, Baystate Financial Services asks the court to strike (1) Kelly Myers' Entire Affidavit; and (2) the 1999 and 2001 Image and Positioning Surveys.

> The Defendant,
> BAYSTATE FINANCIAL SERVICES, LLC.,
> By its attorneys,
>
> *Maureen Mulligan*
> Christopher P. Litterio (BBO #551098)
> Maureen Mulligan (BBO#556482)
> RUBERTO, ISRAEL & WEINER, P.C.
> 100 North Washington Street
> Boston, Massachusetts 02114
> (617) 742-4200

Dated: June 7, 2006

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the attorney of record for plaintiff, James Donnelly, Esquire, Mirick, O'Connell, DeMallie & Lougee, LLP, 100 Front Street, Worcester, Massachusetts, 01608-1477 via mail and/or electronic service on June 7, 2006.

*Maureen Mulligan*
Maureen Mulligan

U:\MSM\Baystate Financial\pleadings\Memorandum in Support of Motion to Strike Blodgett and Myers Affs.doc