UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAY STATE SAVINGS BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 4:03-cv-40273-FDS |
| | ) |
| BAYSTATE FINANCIAL | ) |
| SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT BAYSTATE FINANCIAL SERVICES, LLC'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE ROBERT LEWIS AFFIDAVITS SUBMITTED IN CONNECTION WITH PLAINTIFF'S OPPOSITION TO BAYSTATE FINANCIAL'S MOTION FOR SUMMARY JUDGMENT

Bay State Savings Bank has submitted two Affidavits from Robert Lewis, the Bank's

President (attached as Exhibits A and B, respectively).  Each of these Affidavits are fraught with

conclusions, assertions, hearsay, statements of belief and opinions.  In addition, there are

statements in these Affidavits that contradict Mr. Lewis' testimony in this case.  None of these

types of statements are appropriate for affidavits in connection with a Motion for Summary

Judgment and in each instance should be stricken from the record.

Affidavits supporting or opposing summary judgment "shall be made on personal

knowledge, shall set forth such facts as would be admissible in evidence, and shall show

affirmatively that the affiant is competent to testify to the matters stated therein."  Fed. R. Civ. P.

56(e).  An affidavit "bereft of 'specific facts'" demonstrating the presence or absence of a triable

issue is inadequate.  Additionally, an affidavit is improper if the facts it states are not admissible.

*Salas v. Carpenter*, 980 F. 2d 299, 304-305 (5th Cir. 1992) (affidavits must set forth facts that

could be admissible in evidence).  Affidavits must be made on personal knowledge and

information and belief is insufficient. *Murphy v. Ford Motor Co.*, 170 F.R.D. 82, 84-85 (D. Mass. 1997) (Affidavits based on "beliefs" do not satisfy Rule 56(e) requirement of personal knowledge). Conclusory affidavits are inadmissible. *Allen v. Coughlin*, 64 F. 3d 77, 80 (2nd Cir. 1995) Moreover, courts disregard eleventh-hour affidavits that contradict statements previously made under oath at a deposition. *Chapman v. Bernards, Inc.*, 167 F. Supp. 2d 406, 419 (D. Mass. 2001).

Affidavits failing to meet the standards of Fed. R. Civ. P. 56(e) must be stricken and may not be relied on when the opposing party appropriately moves to strike the offending material. As a result, the following portions of the Affidavit of Robert Lewis and Second Affidavit of Robert Lewis must be stricken from the record:

**A.    Affidavit of Robert Lewis**

Paragraph 2:  The statement that Bay State Savings Bank is popularly known as "Bay State" is opinion and should be stricken.

Paragraph 5:  At the end of the first full paragraph the following should be stricken "and sales of stocks, bonds and mutual funds beginning in 1994" along with paragraphs 5(d) and 5(f). Each of these statements represents that these are products offered by the Bank and conflicts with Mr. Lewis' deposition testimony on the same topic. (See Lewis Depo. Testimony at pages 35-38, 41, 103, 76, 95-98).

Paragraph 6:  The references to the newspaper are hearsay and no authentication of the article or exception to the Rule has been offered.

Paragraph 7:  The references to the newspaper are hearsay and no authentication of the article or exception to the Rule has been offered.

Paragraph 11: The statement that "the public commonly refers to the bank as "Bay State" is conclusory and should be stricken as should all references to third party correspondence which constitutes hearsay.

Paragraphs 12, 13 and 14: Should be stricken in their entirety. Lewis is relying on representations made by Kelly Myers, a witness identified as an expert by Plaintiffs and therefore the representations are hearsay and not based on personal knowledge. Further, these paragraphs reflect an interpretation, i.e., "opinion" of the data in the 1999 and 2001 surveys which cannot be offered by a witness who is not an expert . As a result, the 1999 and 2001 surveys should also be stricken as there is no foundation for their admissibility.

Paragraph 17: Entire paragraph should be stricken as statements are conclusory with no basis in fact.

Paragraph 20: Should be stricken in its entirety as hearsay.

Paragraph 21: Should be stricken in its entirety as not based on personal knowledge, hearsay.

Paragraph 22: Strike "Upon information and belief based on inquiries to the Secretary of State, a 1990 state registration by an apparently unrelated party expired because the owner did not renew it." Affidavits must be made on personal knowledge, not information and belief.

Paragraph 25: Strike "but does promote itself by other means that threaten dilution and confusion" as being a conclusory statement, not statement of fact. Also strike "some newspapers refer to it as Baystate, suggesting that it is still a very weak mark when applied to Baystate Financial." This is conclusory.

Paragraph 27: Strike entire paragraph as hearsay.

Paragraph 28:  Strike entire paragraph because it is argumentative and not a representation of fact.

Paragraph 29:  Strike entire paragraph and subparts.  This entire paragraph contains conclusory allegations and relies on statements of Gerry Blodgett and Kelly Myers to support these conclusions.  This is evidence that the statements were not made on personal knowledge.  The paragraph also makes statements of conclusions of law which are inappropriate in an affidavit, and in any event, there is no evidence that Mr. Lewis is a lawyer competent to attest to the status of the law.

**B.     <u>Second Affidavit of Lewis</u>**

Paragraph 3:  Strike "I believed at the time I signed the [PTO] declarations in support of each of the applications that the declarations were accurate and warranted and I continue to believe it today."  This is a conclusion and not a statement of fact.

Paragraph 4:  Strike entire paragraph.  This is a conclusory statement of Lewis' belief, not a statement of fact.

Paragraph 5:  Strike entire paragraph.  This is a conclusion and not a statement of fact.

Paragraph 9:  Strike entire paragraph.  This is a conclusion and a "belief" and not a statement of fact.

Paragraph 19:  Strike "The domain names were registered in good faith to identify source of services"; and "The Bank has received no inappropriate economic benefit at the expense of Bay State Financial from its domain name registrations, and had no improper intent."  Both of these statements are conclusory and not statements of fact.

<u>Paragraph 20</u>:  Strike as relying on information not within personal knowledge.

> The Defendant,
> BAYSTATE FINANCIAL SERVICES, LLC.,
> By its attorneys,
>
>
> _____
> Christopher P. Litterio (BBO #551098)
> Maureen Mulligan (BBO#556482)
> RUBERTO, ISRAEL & WEINER, P.C.
> 100 North Washington Street
> Boston, Massachusetts 02114
> (617) 742-4200

Dated:  June 16, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the attorney of record for plaintiff, James Donnelly, Esquire, Mirick, O'Connell, DeMallie & Lougee, LLP, 100 Front Street, Worcester, Massachusetts, 01608-1477  via mail and/or electronic service on June 16, 2006.

> _____
> Maureen Mulligan

U:\MSM\Baystate Financial\pleadings\2nd Memorandum in Support of Motion to Strike Lewis Affs.doc