UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAY STATE SAVINGS BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 4:03-cv-40273-FDS |
| | ) |
| BAYSTATE FINANCIAL SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE SUPPLEMENTAL EXPERT REPORT OF ROBERT KLEIN FOR FAILURE TO TIMELY DISCLOSE; OR IN THE ALTERNANTIVE, TO STRIKE PORTIONS OF THE REPORT FILED IN CONNECTION WITH PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

I.  **Introduction**

Bay State Savings Bank ("the Bank") attached a Rebuttal Report of its expert, Robert L. Klein, as an Exhibit to its Opposition to Baystate Financial Services, Inc.'s ("Baystate Financial") Motion for Summary Judgment. This Rebuttal Report was never disclosed to Baystate Financial and its appearance as Exhibit 57 is the first time that this Rebuttal Report has been provided to Baystate Financial. The Scheduling Order agreed to by the parties and entered by the Court required that expert disclosures and depositions conclude on April 7, 2006. This was an Amendment to the original scheduling order which required that expert disclosures and depositions conclude by January 1, 2006. Pursuant to Fed. R. Civ. P. 37 (c)(1), the Bank should not be permitted to rely on this Rebuttal Report in Support of its Opposition to Baystate Financial's Motion for Summary Judgment the following reasons: (1) Pursuant to Fed. R. Civ.

P. 26(a) (2)(C) expert rebuttal testimony must be disclosed within thirty (30) days of the disclosure of testimony it proposes to rebut; (2) This Supplemental report was never disclosed to Baystate Financial and the first time that Baystate Financial saw the report was when it received the Bank's Opposition to Summary Judgment; (3) Baystate Financial is severely prejudiced by this disclosure at the 11th hour because the parties have completed the briefing for summary judgment, Mr. Klein's deposition is completed and any evidence purported to be disclosed by Klein was unable to be considered by Baystate Financial in its Summary Judgment Papers; and (4) the Report is not properly authenticated by Affidavit.

In the event that the Court does not preclude the admission of Klein's report in its entirety; portions should be stricken for failure to comply with the rules of admissible evidence in that the Report contains argument instead of opinion and contradicts the deposition testimony provided in this matter by Mr. Klein.

## II. Background

This is a trademark infringement action where the Bank alleges that Baystate Financial has infringed on the use of its "Baystate" mark. Baystate Financial contends that it is the first user of the Mark with respect to investment and insurance services and that no infringement has occurred. This court refused to find a likelihood of success on the merits regarding plaintiff's preliminary injunction motion and the parties have now filed motions for summary judgment. Baystate Financial has filed a motion for summary judgment on Plaintiff's Claims and the Bank has filed a Motion for Summary Judgment on Baystate Financial's Counterclaims.

On August 22, 2005 the court issued an Order extending the time to complete discovery including expert discovery. The new schedule required:

1. Plaintiff's Trial Experts to Be Disclosed by January 7, 2006;
2. Plaintiff's Trial Experts to Be Deposed by February 7, 2006;
3. Defendant's Trial Experts to Be Disclosed by March 7, 2006;
4. Defendant's Trial Experts to Be Deposed by April 7, 2006.

In addition, the Court Order required Motions for Summary Judgment to be filed by May 7, 2006.

The Bank has failed to comply with the rules of expert disclosure by submitting a rebuttal expert report for the first time in connection with its opposition to summary judgment. The Bank should not be permitted to use this report as evidence at trial or in connection with its opposition for summary judgment.

### III. Argument

#### A. The Klein Report Disclosed On June 7, 2006 Is Untimely And Prejudicial To Defendants.

##### 1. Disclosure Is Not Timely.

Fed. R. Civ. P. 37(c)(1) requires that the Klein Report be excluded at the result of the Bank's failure to comply with the Rule 26 disclosure requirements.

Fed. R. Civ. P. 37(c)(1) states that

> "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion, any witness or information not so disclosed."

Fed. R. Civ. P. 26(a)(2) mandates timely disclosure of an identity of expert witnesses as well as expert reports in accordance with the directions of the trial court's scheduling order. *See* Fed. R. Civ. P. 26; *Laplace-Bayard, et al v. Dr. Francisco Batlle*, 295 F.3rd 157, 161 (1st Cir. 2002). Failure to disclose expert materials in accordance with the Rule may result in sanctions which range from an exclusion of the report to a dismissal of the case in its entirety. Exclusion

of evidence is a standard sanction for a violation of the duty of disclosure under Rule 26(a). *Samos Imex Corp. v. Nextel Communications, Inc.*, 194 F.3rd 301, 305 (1st Cir. 1999); *Laplace-Bayard v. Batlle*, 295 F.3rd 157, 162 (1st Cir. 2002).

There is no question that the Supplemental Report of Robert L. Klein, which is designated as Exhibit 57 to the Bank's Opposition to Baystate Financial's Motion for Summary Judgment is an untimely disclosure. The report titled "Evaluation of Report of Thomas Dupont" is clearly a rebuttal to the expert report submitted by Baystate Financial Services. The expert report of Thomas Dupont was provided to plaintiffs on March 7, 2006. As a result, the Bank was required to disclose any rebuttal testimony within thirty (30) days of that date, *i.e.*, April 7, 2006. Fed. R. Civ. P. 26(a)(2)(C). Not only was the rebuttal report of Mr. Klein presented three months later on June 7, 2006, it was not in fact even separately disclosed to Baystate Financial Services, but merely attached as an Exhibit in connection with the Bank's Opposition to Baystate Financial Services' Motion for Summary Judgment.

Even if the Bank were to profer that Mr. Klein needed to review the deposition testimony of Mr. Dupont prior to issuing a rebuttal report, this does not excuse the delay of disclosure. Mr. Klein was present during the entire deposition of Mr. Dupont. In addition, the rebuttal report states that Klein's rebuttal focuses on issues related to the Dupont report and survey. Klein Rebuttal Report at p. 2. The Bank had ample time between the issuance of Dupont's Report on March 7, 2006 or even Dupont's deposition on April 7, 2006 to issue any rebuttal report prior to the time that the parties' Motions for Summary Judgment were due to be filed with the Court on May 7, 2006.

As a result, there is no excuse for the tardy disclosure and plaintiffs should be precluded from relying on Klein's rebuttal report.

### 2. The Failure To Disclose Is Not Harmless And Is Prejudicial To Defendant.

Baystate Financial is severely prejudiced by this late disclosure. There is no justification for the late disclosure. The manner in which the report was disclosed by attaching it as an Exhibit in an Opposition to a Motion for Summary Judgment is a behavior that the Court should not condone. Baystate Financial Services was surprised by this subsequent disclosure and will be prejudiced if the report is allowed to be admitted by the Court. Courts routinely exclude late disclosures of rebuttal reports. *See, e.g., Congressional Air v. Beech Aircraft Corp.*, 176 F.R.D. 513, 515, 517 (D. Maryland 1997) (plaintiff was required to disclose a rebuttal expert report within thirty days and failure to do so resulted in exclusion of testimony at time of trial).

Mr. Klein's report is prejudicial in a number of ways. First, the rebuttal report criticizes the survey methodology of Baystate Financial's expert Thomas Dupont, and refers to this criticism in support of its Opposition to Motion for Summary Judgment. The rebuttal misstates the elements of Dupont's report and as a result provides criticism which is not based on the actual composition of the survey. Second, the Rebuttal Report attempts to correct and explain statements made by Klein during the course of his deposition. For example, Klein testified that the 38.6% recognition of the "Bay State" name was one of the weak parts of the results of his original survey. In his supplemental Report, Klein attempts to explain away this answer. He should not be allowed to create a conflict by supplemental testimony. *Chapman v. Bernard, Inc.*, 167 F. Supp. 2d. 406 (D. Mass. 2001). As a result, by virtue of the fact that Baystate Financial Services does not have the opportunity to question Mr. Dupont on these issues prior to the time

the summary judgment motions will be heard by the Court, his testimony should not be allowed to be entered as evidence.

Finally, the Supplemental Report is not properly authenticated pursuant to Rule 56 as report is only admissible through an Affidavit and one was not submitted. *See Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 191 (5th Cir. 1991) (to properly use expert testimony in connection with summary judgment must proffer in admissible form through affidavit).

**B.      Even If The Court Allows Late Disclosure, The Report Fails To Comply With The Standards Required For The Introduction Of Expert Testimony And As Such The Court Should Strike From The Record.**

1.      Klein Should not be allowed to proffer a new report which contradicts his prior deposition testimony. *Chapman*, 167 F. Supp. at 419. Therefore, the final paragraph on page 5 should be stricken. It states:

> Statements attributed to me in Defendant's Memorandum in Support of Motion for Summary Judgment were taken out of context and distort the meaning of my deposition statements. Contrary to the assertion that "Klein admitted that the 38.6% result is weak," is the entire record of my deposition testimony.

2.      Klein is not qualified to state conclusions of law because such conclusions do not assist the trier of fact as required by Rule 702. *Nieves-Villanueva v. Soto-Rivera*, 133 F. 3d 92, 100 (1st Cir. 1997). Therefore the following sections should be stricken:

> Page 3: the section beginning with the heading "Detailed Discussions of Specific Conclusions" which states:
>
> The Dupont survey makes the fatal and fundamental error of not specifying the category for the particular product or services at issue, namely financial products and services. For a term, such as Bay State, to have secondary meaning and be capable of functioning as a trademark, it clearly has to be in the context of a particular class of products or services. Just as the United States Patent and Trademark Office requires a trademark applicant to specify the types of products for which a trademark is being applied, so too must the determination of acquired

6

> distinctiveness and secondary meaning be in the context of a particular class of goods or services.
>
> This concept is clearly stated in McCarthy and underlined by his inclusion of a quotation from the court opinion in the Boston Beer case.
>
>> To establish secondary meaning in the mark "Boston," not only must [plaintiff] prove that, when read or heard by consumers, *in conjunction with beer*, (emphasis added) "Boston" ... identifies [plaintiff] as the source of the beer.
>
> In a parallel way for this case, the issue of secondary meaning for Bay State can only be in the context of the relevant products and services, namely, financial services.

3. Paragraph 3 on page 5 should be stricken for stating facts not in evidence

> Both the Dupont report and the various defendant documents that I reviewed hypothesize that a bank that used to be called "Bay State Federal Bank" might have been the bank respondents were referring to when they answered "Bay State Bank" in the survey of secondary meaning contained in the initial Klein report. This supposition ignores the fact that Bay State Federal Bank never had a branch anywhere near the Worcester area. Mr. Dupont, in his deposition, was unable to identify Worcester County on a map of Massachusetts, had no knowledge of where Bay State Savings Bank branches were located, and did not know when or where Bay State Federal Bank operated or was located. Mr. Dupont's opinion that respondents might have been referring to Bay State Federal Bank when they answered Bay State Bank is not supported by any objective data nor does Mr. Dupont claim to have any personal knowledge about the former Bay State Federal Bank on which to base his assertion.

Mr. Klein's supposition that the name "Bay State Bank" could never be associated with Bay State Federal Savings Bank by Survey respondents because Bay State Federal is not in Worcester is contrary to a position taken by his client.

In 1999, Bay State Savings Bank filed a trademark infringement claim against Baystate Federal Savings Bank ("Federal") alleging that Federal's use of the name "Bay State Bank" was confusing with Bay State Savings Bank. In its Motion for Preliminary Injunction, the Bank represented to the Court that since customers of both Federal and Bay State Savings Bank

referred to their Banks as "Bay State Bank" that this was causing confusion between the businesses. As a result, Bay State Savings Bank sought an order to prohibit Federal from calling itself "Bay State Bank." In the same papers, Bay State Savings Bank points out to the Court that "Federal's use of the name Bay State Bank and consequent elimination of the word Federal from its name had been sufficient to generate significant confusion with in a relatively short period of time. Bay State Savings Bank then lists two pages of examples of confusion between the two Banks from concurrent use of the name "Bay State Bank." *See* Third Mulligan Aff., ¶1, Ex. A. This is an acknowledgment by the Bank that more than one Massachusetts bank was called "Bay State Bank."

Since Klein failed to apply this fact to his analysis, by assuming that a response of "Bay State Bank" and "Bay State Savings Bank" were one in the same, he failed to apply his results to the facts of the case and therefore his conclusions are not relevant and constitute inadmissible testimony.

Baystate Financial Services reserves its right to further move to strike or file a motion in limine at the time of trial on all portions of the Report.

IV.     **Additional Requested Relief**

Baystate Financial Services requests costs and attorneys' fees associated with the preparation of this Motion.

> The Defendant,
> BAYSTATE FINANCIAL SERVICES, LLC.,
> By its attorneys,
>
> _____
> Christopher P. Litterio (BBO #551098)
> Maureen Mulligan (BBO#556482)
> RUBERTO, ISRAEL & WEINER, P.C.
> 100 North Washington Street
> Boston, Massachusetts 02114
> (617) 742-4200

Dated:  June 16, 2006

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the attorney of record for plaintiff, James Donnelly, Esquire, Mirick, O'Connell, DeMallie & Lougee, LLP, 100 Front Street, Worcester, Massachusetts, 01608-1477 via mail and/or electronic service on June 16, 2006.

_____
Maureen Mulligan

U:\MSM\Baystate Financial\pleadings\Memo in Support of Motion to Exclude Expert Report of Klein.doc

9