UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BAY STATE SAVINGS BANK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BAYSTATE FINANCIAL ) <br> SERVICES, LLC, ) <br> ) <br> Defendant. ) | Civil Action No. 4:03-cv-40273-FDS |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION
## TO STRIKE EXPERT REPORT OF ROBERT L. KLEIN DATED JANUARY 9, 2006

Under the Supreme Court's Decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 113 S. Ct. 2786 (1993) a judge must determine if an expert's testimony is (1) scientifically valid; and (2) can be applied to the facts at issue. Baystate Financial Services contends that the report of Mr. Klein is not scientifically valid and reserves its rights to file a motion in limine on that point if this matter gets to the trial stage. But, for purposes of summary judgment, Baystate Financial contends that the findings made by Klein in his survey on secondary meaning were not accurately applied to the facts at issue in this matter and that the secondary meaning portion of the survey should be stricken from the record.

Federal R. of Evidence 702 specifically states that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Therefore the testimony must be relevant and reliable and Klein's is neither.

1. **Klein's January 9, 2006 Report is Not Submitted Pursuant to Requirements of Rule 56.**

First, Klein's January 9, 2006 Report submitted as Exhibit 30 to the Bank's Opposition to Baystate Financial's Motion for Summary Judgment should be stricken in its entirety for failure to comply with the requirements of Fed. R. Civ. P. 56(e). Expert testimony is only admissible through an Affidavit. No such Affidavit was submitted to authenticate Mr. Klein's report. *See Duplantis v. Shell Offshore, Inc.*, 948 F. 2d 187 (5th Cir. 1991).

2. **The Principles and Methods Have Not Been Reliably Applied to the Facts of the Case.**

Here, the conclusions of Klein are unreliable because they have not been accurately applied to the undisputed facts of this case.

The survey question asked in the secondary meaning survey was:

> "Thinking about the Worcester area and the different types of financial institutions, when you hear the words "Bay State" do you or do you not think of any particular financial institution or institutions in the Worcester area? That is, do you or do you not associate the words "Bay State" with any particular financial institution or institutions in the Worcester area?"

Rule 56.1 Stmt. ¶ 77. In determining that 38.6 % of the respondents surveyed responded with "Bay State Savings Bank," Klein combined the answers of respondents who replied "Bay State Savings Bank" with those who replied "Bay State Bank". Rule 56.1 Stmt. ¶ 78. When Klein was asked at his deposition "How is it that you determined that the answer "Bay State Bank" is the equivalent of "Bay State Savings Bank" he answered : "It has been my experience that people tend to shorten names and don't give full names and full legal names in response to questions." (Rule 56.1 Stmt. ¶ 80). This assumption is not based on any scientific principal nor did Klein ask respondents if they intended their answer of "Bay State Bank" to mean "Bay State

2

Savings Bank." (Rule 56.1 Stmt. ¶ 81). Further, the assumption is not supported by the facts of this case.

Bank President Robert Lewis testified in his deposition that the Bank never referred to itself as "Bay State Bank" and always referred to itself as "Bay State Savings Bank". (Rule 56.1 Stmt. ¶ 61). Further, there was a Massachusetts Bank named "Bay State Federal Savings Bank" which marketed itself as "Bay State Bank" – the exact name given by some of the respondents.

In 1999, Bay State Savings Bank filed a trademark infringement claim against Baystate Federal Savings Bank ("Federal") alleging that Federal's use of the name "Bay State Bank" was confusing with Bay State Savings Bank. In its Motion for Preliminary Injunction, the Bank represented to the Court that since customers of both Federal and Bay State Savings Bank referred to their Banks as "Bay State Bank" that this was causing confusion between the businesses. As a result, Bay State Savings Bank sought an order to prohibit Federal from calling itself "Bay State Bank." In the same papers, Bay State Savings Bank points out to the Court that "Federal's use of the name Bay State Bank and consequent elimination of the word Federal from its name had been sufficient to generate significant confusion with in a relatively short period of time. Bay State Savings Bank then lists two pages of examples of confusion between the two Banks from concurrent use of the name "Bay State Bank." See Third Mulligan Aff., ¶1, Ex. A. This is an acknowledgment by the Bank that more than one Massachusetts bank was called "Bay State Bank," but that such bank was often confused with Bay State Savings Bank.

When the survey responses are broken down and allocated specifically to "Bay State Savings Bank" or "Bay State Bank" only 18.3% of respondents associated "Bay State" with "Bay State Savings Bank".[1]  Rule 56.1 Stmt. ¶ 82. Even if the court could be persuaded that the

---

[1] Appendix K to the Klein Report (attached as Exhibit 9) illustrates the tabulation of data. This shows that 49 of the survey participants responded to the question with Bay State Savings Bank. The total number of respondents was

3

38.6% number is enough for plaintiff to have created a presumption of secondary meaning – plaintiff has not provided any evidence – and it is plaintiff's burden to do so - to show that all of the answers it has included in the 38.6% calculation can accurately be attributed to the Bank. Therefore, 38.6% is not an accurate representation of the survey data; and is clearly not indicative of secondary meaning.

The survey further ignores the facts of the case by not testing to determine the recognition of Bay State Investment Services which is the name the Bank uses to market investment products and insurance. Therefore, for Klein to assume that a response of "Bay State Bank" would always equate with Bay State Savings Bank does not comply with the Rule 702 requirement that the conclusions of the survey be applied "reliably" to the facts of the case. To prove that a mark has attained secondary meaning plaintiff must show that " the mark no longer causes the public to associate the goods with a particular place but to associate the goods with a particular source." *Boston Beer Co.*, 9 F.3d 175, 181 (1st Cir. 1993). Klein admits that he was unaware that Bay State Investment Services and not Bay State Savings Bank is the name under which insurance and investment products similar to Bay State Financial Services are marketed. (Rule 56.1 Stmt. ¶ 84). Not one respondent, in answer to the question asked by Klein associated the words "Bay State' with Bay State Investment Services. Rule 56.1 Stmt. ¶ 86. In addition, Klein did not design a survey which asked any questions that could be deemed to associate insurance and investment products with a particular source. He did not evaluate whether the survey population identified investment products and insurance with EITHER Bay State Savings Bank or Bay State Investment Services. Rule 56.1 Stmt. ¶ 83. Although Defendant does not concede that Klein's survey provides any evidence of secondary meaning, at most it shows that

---

246. 49/246= 19.9%. Subtract the 1.6% for noise which Klein applied to all calculations and the respondents who identified Bay State with Bay State Savings Bank decreases to 18.3%. Rule 56.1 Stmt. ¶ 82.

4

some consumers identify the term "Bay State" with Bay State Savings Bank. But it fails to show that even one potential customer identifies investment and insurance products with the Bank or Bay State Investment Services.

As a result, the January 9, 2006 Report of Robert Klein professing to address secondary meaning fails to comply with the Daubert and Rule 702 standard of relevance and reliability and must be stricken from the record.

> The Defendant,
> BAYSTATE FINANCIAL SERVICES, LLC.,
> By its attorneys,
>
> _/s/ Maureen Mulligan_
> Christopher P. Litterio (BBO #551098)
> Maureen Mulligan (BBO #556482)
> RUBERTO, ISRAEL & WEINER, P.C.
> 100 North Washington Street
> Boston, Massachusetts 02114
> (617) 742-4200

Dated: June 16, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the attorney of record for plaintiff, James Donnelly, Esquire, Mirick, O'Connell, DeMallie & Lougee, LLP, 100 Front Street, Worcester, Massachusetts, 01608-1477 via mail and/or electronic service on June 16, 2006.

_/s/ Maureen Mulligan_
Maureen Mulligan

U:\MSM\Baystate Financial\pleadings\Memo in Support of Motion to Strike Expert Report of Klein.doc

5