UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAY STATE SAVINGS BANK,<br>    Plaintiff | |
| V. | CIVIL ACTION NO. 4:03-CV-40273-NMG |
| BAYSTATE FINANCIAL SERVICES, LLC,<br>    Defendant | |

**BAY STATE SAVINGS BANK'S OPPOSITION TO BAYSTATE FINANCIAL
SERVICES, LLC'S MOTION TO STRIKE EXPERT AFFIDAVITS OF (1) GERRY A.
BLODGETT, ESQ., (2) R. KELLY MYERS AND 1999 AND 2001 IMAGE &
POSITIONING SURVEYS**

Bay State Savings Bank ("Bay State®", or the "Bank") opposes Baystate Financial

Services, LLC's ("Baystate Financial") Motion to Strike the Affidavits of Gerry Blodgett and

Kelly Myers and the 1999 and 2001 Image & Positioning surveys.  Mr. Blodgett and Mr. Myers

have both been properly identified as experts in this case.  Mr. Blodgett attests to over 35 years

of professional experience in the prosecution of approximately 500 Federal and Massachusetts

trademark and service mark registration applications.  His expert testimony concerns the federal

trademark application process.  It also reflects his and the Bank's state of mind, which is directly

relevant to Baystate Financial's counterclaim for fraud in the trademark application.  Mr. Myers

attests to conducting over 600 major quantitative survey research projects and over 50 major

qualitative research projects, many for businesses in the banking industry.  His testimony

concerns the procedure for conducting consumer surveys, and the results of the surveys he

conducted.  Mr. Blodgett and Mr. Myers are both qualified to testify as expert witnesses within

their designated areas of experience.

**Gerry A. Blodgett, Esq.**                Baystate Financial alleges that the Bank procured

the Bay State® registrations by means of fraud.  But Mr. Lewis explains that he and the Bank

relied on the services of Mr. Blodgett, a reputable attorney who has specialized in patent and

trademark issues for 35 years.  Mr. Blodgett's state of mind is relevant to the issue of fraud,

because a claim of fraud on the PTO requires proof of scienter.

Mr. Blodgett's Affidavit and report describe the procedure he followed to secure the

federal trademarks for Bay State®.  His expert testimony shows that his actions were in

accordance with federal law *and* that he believed them to be appropriate.  Baystate Financial's

expert concerning trademark application, Lawrence Robins, corroborated Mr. Blodgett in this

respect.  Mr. Robins evaluated Mr. Blodgett's report and testified that he found no reason to

question Mr. Blodgett's good faith at any stage of the application process.  Ex. 24, p. 36:23 –

37:18[1]

Mr. Blodgett's testimony concerning substantive trademark issues is based on 35 years of

professional experience.  The Court need not rely on any testimony that addresses ultimate

issues.  But, the Court can consider his actions and opinions as an attorney concentrating in this

relatively technical area of law, which is the main topic of his Affidavit, especially in relation to

the issue of the Bank's and Mr. Blodgett's good faith.

Baystate Financial makes much of the fact that Mr. Blodgett prosecuted the Bay State®

trademark applications and is now opining as an expert with regard to his own work.  But that

does not disqualify him from giving expert testimony, nor does Baystate Financial cite a single

case to suggest that it should.  At most, Mr. Blodgett's personal involvement is a matter the

Court can weigh in evaluating his testimony.

---

[1] Citations are to Exhibits submitted to the Court in support of Bay State®'s Motion for Partial Summary Judgment.

**R. Kelly Myers**.     The Myers affidavit mainly attests that the 1999 and 2001 Image & Positioning surveys were conducted in a manner that conforms to accepted scientific practice for consumer surveys, and that the results were appropriately documented.  The reports are part of the record, including detailed tabulations of the survey responses.  Mr. Myers is an expert with regard to consumer surveys.  Mr. Myers' testimony reinforces Bay State®'s position that the surveys comply with accepted practices and are suitable for consideration by this Court.

Another of Bay State®'s experts, Robert Klein, corroborates Mr. Myers' testimony with regard to the surveys.  He opined that the surveys were "properly conducted and can be relied upon to provide statistically valid results."  Ex. 30, p. 9.[2]  Mr. Myers expert testimony and opinions are relevant to the issues of this case and should be considered by the Court.

The admissibility of the 1999 and 2001 Image & Positioning surveys does not depend on whether they were conducted for purposes of this litigation.  The Bank had no knowledge of Baystate Financial when the surveys were conducted in 1999 and 2001.  The surveys were intended to inform the Bank's marketing efforts.  There was no conceivable motive to get anything but scientifically valid information.  This should enhance the credibility of Mr. Myers' conclusions.  The only issue is whether the results of the marketing surveys are relevant to the issues in this case.

The 1999 and 2001 Image & Positioning surveys show that a high proportion of respondents were aware of Bay State Savings Bank®, that half of them recalled seeing its ads, that a high proportion had very favorable opinions of the Bank, and that many respondents associated the Bank with a broad range of financial services.  This information is relevant to the issue of secondary meaning.

---

[2]     Mr. Klein also conducted Secondary Meaning and Likelihood of Confusion surveys for this litigation.

The fact that the surveys were conducted at a closer time to Baystate Financial's infringement, even though the Bank was not yet aware of the infringement at the time, further enhances the reliability of the results.  The affidavit of R. Kelly Myers and the 1999 and 2001 Image & Positioning surveys meets appropriate scientific standards, is relevant to the issues and should *not* be stricken from the record.

BAY STATE SAVINGS BANK

By its attorneys,

/s/ John T. McInnes

James C. Donnelly, Jr., Esq.
BBO #129700
John T. McInnes, Esq.
BBO # 657488
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated: June 21, 2006

CERTIFICATE OF SERVICE

I, John T. McInnes, hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on Christopher P. Litterio, Esq., Ruberto Israel & Weiner, PC, 100 North Washington Street, Boston, MA 02114.

/s/ John T. McInnes

John T. McInnes, Esq.

Dated: June 21, 2006