UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAY STATE SAVINGS BANK,<br>　　Plaintiff<br><br>V.<br><br>BAYSTATE FINANCIAL SERVICES, LLC,<br>　　Defendant | CIVIL ACTION NO. 4:03-CV-40273-NMG |

## THIRD AFFIDAVIT OF ROBERT J. LEWIS

Robert J. Lewis on oath deposes and states:

1. I am the President and CEO of Bay State Savings Bank ("Bay State®"or the "Bank"). Bay State® is a mutual corporation that is operated for the benefit of its depositors under the laws that govern savings banks. There are no stockholders. Consequently, I have no ownership interest in the Bank.

2. On March 24, 2004 I filed an Affidavit and Exhibits in support of Bay State®'s Motion for Preliminary Injunction. On May 3, 2006 I filed an Affidavit in Support of Bay State®'s Motion for Summary Judgment. I reaffirm that the information in those two affidavits is true and correct. This Affidavit supplements my earlier statements and deposition testimony for purposes of motions of Baystate Financial Services LLC ("Baystate Financial) to strike portions of my prior affidavits and an affidavit of Kelly Myers. It relies on Exhibits that the Bank has already submitted in support of the Bank's Motion for Preliminary Injunction and Motion for Partial Summary Judgment.

3. In 1999 I authorized to The Marketing Mix, Inc. ("The Marketing Mix"), a marketing consulting firm, to conduct an Image & Positioning survey in the Worcester area to determine:

- Market awareness of Bay State and other competing Financial Institutions;

- Consumers' overall favorability toward those institutions;

- Advertising awareness and media usage patterns;

- Financial usage levels and product ownership;

- "Share of wallet" held by the respondents' primary bank; and

- Consumers' perceptions regarding trends in service, product and prices.

4. The Marketing Mix was chosen because it was a reputable marketing and communications research firm that specialized in custom-designed quantitative and qualitative consumer research services and whose personnel had significant experience in the field of consumer surveys. The Marketing Mix designed the survey. The Marketing Mix engaged Kelly Myers of RKM Research and Communications, Inc. ("RKM"), as a subcontractor, to perform and supervise the survey. I believed (and continue to believe) that The Marketing Mix and Mr. Myers were qualified professionals in the field of consumer research.

5. In 2001 I authorized Mr. Myers and RKM to design and conduct a second the survey, whose purpose was mainly to follow up on the first and measure any meaningful developments. One reason for the second survey is that the banking industry had changed. Many of the other banks which had been mentioned in the first survey had either ceased to exist or been merged into larger banks.

6. Both surveys were commissioned in the ordinary course of business to test consumer opinions and perceptions for advertising purposes. They were not specifically designed for this litigation because I had no knowledge of Baystate Financial at the time. Instead, the surveys were intended to get reliable information on the points identified above.

7. The Bank used and relied on the report for purposes that included, without limitation, the design and placement of advertising in different advertising media, the development of products and services, etc. The Bank kept the 1999 and 2001 survey reports in the course of a regularly conducted business activity:

8. After the Bank brought this litigation in December 2003, I learned that Baystate Financial's alleged predecessor in interest had obtained a state registration for the Bay State mark on April 10, 1990. This information was available on the Secretary of State website. The fact that the registration expired at the end of ten years is attested by two sources.

(a) A letter from Attorney John E. Fedele to Baystate Financial's alleged predecessor dated April 27, 1990 (Ex. 28, p.1) states:

> This [registration] is valid for ten years and should be re-registered before the expiration of ten years. Supposedly they will notify you before it expires (assuming the deficit doesn't get worse).
>
> Note that registration of the name really is only proof that you have been using it. Were someone to come along who has been using this name since some date prior to you, they could theoretically stop you even though they have not registered it.

(b) A letter from the Office of the Secretary Of State that was produced with and evidently accompanied the 1990 registration (Ex. 28, p.2) states "This is your certificate of registration and will be effective for ten years from the date stamped on the back." The date stamped on the back is April 10, 1990.

Signed under pains and penalties of perjury this 21st day of June, 2006.

                                                                             /s/ Robert J. Lewis
                                                                             Robert J. Lewis

4

CERTIFICATE OF SERVICE

    I, John T. McInnes, hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on Christopher P. Litterio, Esq., Ruberto Israel & Weiner, PC, 100 North Washington Street, Boston, MA 02114.

                        /s/ John T. McInnes  
                        John T. McInnes, Esq.

Dated: June 21, 2006