UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

BAY STATE SAVINGS BANK,
     Plaintiff

     V.

BAYSTATE FINANCIAL SERVICES, LLC,
     Defendant

CIVIL ACTION NO. 4:03-CV-40273-NMG

**BAY STATE SAVINGS BANK'S OPPOSITION TO BAYSTATE FINANCIAL
SERVICES, LLC'S SECOND MOTION TO STRIKE PORTIONS OF THE ROBERT
LEWIS AFFIDAVITS AND MOTION TO STRIKE EXPERT AFFIDAVITS OF (1)
GERRY A. BLODGETT, ESQ., (2) R. KELLY MYERS AND 1999 AND 2001 IMAGE
AND POSITIONING SURVEYS**

On June 7, 2006, Baystate Financial Services, LLC ("Baystate Financial") filed a motion

to strike portions of Robert Lewis' two affidavits and a separate motion to strike affidavits of

Blodgett, Myers and 1999 and 2001 Image and Positioning Surveys (Docket entries 53 and 55).

Bay State Savings Bank ("Bay State®" or the "Bank") opposed Baystate Financial's Motions to

Strike through written filings on June 21, 2006.  (Docket entries 70 and 71).  Now, Baystate

Financial has for the second time filed essentially the same motions to strike the same affidavits.

In the interest of judicial efficiency, Bay State® refers the Court to its original Oppositions

(Docket entries 70 and 71) in support of its Opposition to Baystate Financial's current Motions

to Strike.

There are several minor differences between Baystate Financial's first and second sets of

motions.  Bay State® addresses those differences as follows:  First, Baystate Financial has

changed all of its case law citations from Massachusetts State Court decisions to First Circuit

Federal decisions.  Bay State® does not object to any of the changes in the case law as the

Federal citations are more appropriate for this case.  Second, Baystate Financial has added several new objections, to which the Bank responds as follows:

### A.  Affidavit of Robert Lewis

Paragraph 2:  Mr. Lewis has personal knowledge concerning how customers refer to the Bank.  His statements are corroborated by exhibits, including letters that refer to Bay State® as "Bay State Bank."  This is not hearsay because it is offered as evidence of the customers' state of mind.  It is precisely the same principle that admits survey evidence: "out-of-court" responses to survey questions are admitted to show the respondents' state of mind.  Paragraph 2 and the exhibits are admissible under Fed. R. Evid. 803(3).

Paragraph 6:  Bank advertisements are kept in the course of regularly conducted business activity by Bay State®.  They are copies of published advertisements whose authenticity can be verified by newspaper archives, etc.  They are relevant to show the nature and extent of the Bank's advertising.  Mr. Lewis is competent to testify that the documents are copies of authentic records.  They are not subject to the hearsay rule.  Fed. R. Evid. 803(6).  Baystate Financial offers no evidence whatsoever to dispute that the exhibits are authentic copies of publications.

Paragraph 7:  Bank advertisements are kept in the course of regularly conducted business activity by Bay State®. They are copies of published advertisements whose authenticity can be verified by newspaper archives, etc.  They are relevant to show the nature and extent of the Bank's advertising.  Mr. Lewis is competent to testify that the documents are copies of authentic records.  They are not subject to the hearsay rule.  Fed. R. Evid. 803(6).  Baystate Financial offers no evidence whatsoever to dispute that the exhibits are authentic copies of publications.

Paragraph 11:  Mr. Lewis has personal knowledge that the public commonly refers to the Bank as "Bay State" based on his personal experience interacting with the community, and from

documents and exhibits cited in Paragraph 11.  This information is not hearsay because it is not

offered to prove the truth of the matter but only to show that Bay State® was commonly called

"Bay State" by the public.  They are relevant to show the public's state of mind.  It is precisely

the same principle that admits survey evidence: the "out-of-court" statements made by survey

respondents are compiled and admitted to show the public's state of mind.  The exhibits mainly

consist of copies of correspondence that the Bank filed and kept in the ordinary course of its

business.  Baystate Financial has offered no evidence whatsoever to dispute the authenticity of

the exhibits.  Paragraph 11 and the exhibits are admissible under Fed. R. Evid. 803(3) and

803(6).

     Paragraph 20:  This paragraph merely compares information about services that the Bank

and Baystate Financial offer based on the Bank's Annual Reports and Baystate Financial's

website.  The Bank's Annual Reports are published documents that are kept in the course of

regularly conducted business and therefore constitute an exception to the hearsay rule.  Fed. R.

Evid. 803(6).  Further, Baystate Financial's webpage constitutes an admission by party opponent

and is therefore not subject to the hearsay rule.  Fed. R. Evid. 801(d)(2).

     Paragraph 21:  Mr. Lewis has personal knowledge of the Bank Affiliate Programs that

Baystate Financial participates in because he has either seen the advertising on Baystate

Financial's web pages or become aware of testimony of Baystate Financial employees that

corroborates his proposition.  The paragraph is based on personal knowledge, is not hearsay and

should not be stricken.  In addition, information on Baystate Financial's website is an admission

by a party opponent.  Fed. R. Evid. 801(d)(2).

     Paragraph 27:  In this paragraph, Mr. Lewis quotes a paragraph from an article in the

Boston Business Journal.  The article is attached as an exhibit.  Mr. Lewis has personal

knowledge because he saw the article and kept it for purposes of this case.  Baystate Financial

CEO David Porter, who is quoted in the article, has not attempted to deny the accuracy of the

quote.  His words are the admission of a party opponent.  Fed. R. Evid. 801(d)(2).  There is no

reason to strike it, especially considering that each fact is appropriately supported with a citation

to the article itself, which is included as an exhibit.

## B.  Second Affidavit of Lewis

Paragraph 20:  This paragraph summarizes evidence that Mr. Lewis draws to the Court's

attention.  There is no reason to strike it, especially considering that Baystate Financial's expert,

Mr. Hanson, attests to accuracy of each fact.

## C.  R. Kelly Meyers

Mr. Meyer's 1999 and 2001 Image and Positioning surveys submitted in connection with

the Bank's Opposition to Motion for Summary Judgment are authenticated by his affidavit

submitted to this Court on May 8, 2006.  (Docket Entry 46).  Bay State's Opposition to the

remainder of Baystate  Financial's Motion to Strike the affidavit of R. Kelly Myers and the 1999

and 2001 Image & Positioning surveys has been filed previously at Docket Entry 71 of this case.

## D.  Gerry Blodgett

Bay State's Opposition to Baystate Financial's Motion to Strike the Affidavit of Gerry

Blodgett can be found at Docket Entry 71 filed in this case.

BAY STATE SAVINGS BANK

By its attorneys,


/s/ John T. McInnes

James C. Donnelly, Jr., Esq.
BBO #129700
John T. McInnes, Esq.
BBO # 657488
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated: June 30, 2006

## CERTIFICATE OF SERVICE

I, John T. McInnes, hereby certify that this document(s), filed through the ECF system
will be sent electronically to the registered participants as identified on the Notice of Electronic
Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on
Christopher P. Litterio, Esq., Ruberto Israel & Weiner, PC, 100 North Washington Street,
Boston, MA 02114.

/s/ John T. McInnes

John T. McInnes, Esq.

Dated: June 30, 2006