UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAY STATE SAVINGS BANK,<br>        Plaintiff<br><br>        V.<br><br>BAYSTATE FINANCIAL SERVICES, LLC,<br>        Defendant | CIVIL ACTION NO. 4:03-CV-40273-NMG |

**PLAINTIFF'S OPPOSITION TO EXCLUDE**
**SUPPLEMENTAL EXPERT REPORT OF ROBERT L. KLEIN**

Bay State Savings Bank ("Bay State®", or the "Bank") opposes Baystate Financial Services, LLC's ("Baystate Financial") Motion to Strike the Supplemental Report of Robert L. Klein (the "Supplemental Report"). Mr. Klein's Supplemental Report should not be stricken because it addresses no new research or topics that were not previously addressed in his initial report or the Report of Thomas Dupont; the scope of the Supplemental Report does not exceed what the Court would likely allow for testimony during the trial; Baystate Financial had (and still has) ample opportunity to respond to the Supplemental Report, but has expressed no interest in that opportunity; and Baystate Financial has not been harmed by the submission of the Supplemental Report.

   A.   <u>Baystate Financial Has Not Been Prejudiced by Submission of the Supplemental Report</u>.

It is a telling point that Baystate Financial and Thomas Dupont have not sought to rebut the Supplemental Report despite having ample opportunity. If they have anything more to say, the Bank would not object. Evidently, they do not.

They have had plenty of time if they wanted to respond.  Mr. Klein completed the Supplemental Report on June 2, 2006.  It addresses the Dupont Deposition taken on April 7, 2006.  Fed. R. Civ. P. 56(e) authorizes and requires parties opposing summary judgment to submit specific facts, "by affidavit or otherwise," that are relevant to the disposition of the motion.  The Bank submitted the Supplemental Report on June 7, 2006 as part of its Opposition to Baystate Financial's Summary Judgment.  Baystate Financial had possession of the Supplemental Report for approximately nine days prior to filing its Reply Brief on June 16, 2006.

If Baystate Financial had asked for time for Mr. Dupont to reply to the Supplemental Report, the Bank would have assented.  It is still not too late.  The hearing is apparently several months away.  If Mr. Dupont wishes to submit something now, the Bank will not object.  There is no basis for Baystate Financial to claim that it has been "severely prejudiced" because disclosure occurred after it had "completed briefing for summary judgment."

Even more significant is that Baystate Financial claims that it does not "rely on Mr. Dupont's report" for purposes of summary judgment.  Therefore, in Baystate Financial's own words, "any comment or criticisms of Dupont's report are irrelevant."  (Reply Brief of Baystate Financial, p. 11.)  If this accurately represents its position, the Supplemental Report is harmless and should not be stricken pursuant to Rule 37(c)(1).  If not, then Baystate Financial or Mr. Dupont should take the opportunity to respond to the Supplemental Report.

B.     The Supplemental Report Contains No New Information.

The Supplemental Report only comments on the Dupont report and deposition.  It does not introduce any new information or research.  It appropriately addresses the methodology utilized by Mr. Dupont and cites to his report and deposition testimony.  Mr. Klein would in all likelihood be allowed to testify on these matters during direct and cross examination at trial, even

if he had not supplemented the report. If Baystate Financial believes the Supplemental Report misstates the Dupont report methodology or Mr. Dupont's testimony at his deposition, it should have made that assertion in its reply brief, or some other supplemental submission. Bay State® would not have objected and does not object to any submissions that help clarify the facts.

In any event, Baystate Financial has taken the position that it does not rely on Mr. Dupont's report, so there is little reason to strike the Supplemental Report of Mr. Klein.

C.   <u>The Supplemental Report is Authenticated</u>.

Robert L. Klein signed his Supplemental Report on June 2, 2006. Attached hereto is the Affidavit of Robert L. Klein, authenticating the Supplemental Report. Thus, Baystate Financial's argument that the Supplemental Report fails to comply with Federal Rule of Civil Procedure 56 is moot.

## CONCLUSION

For the foregoing reasons, Bay State® requests that this Court deny Baystate Financial's motion to strike the supplemental report.

BAY STATE SAVINGS BANK

By its attorneys,

/s/ John T. McInnes
James C. Donnelly, Jr., Esq.
BBO #129700
John T. McInnes, Esq.
BBO # 657488
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:   (508) 791-8502

Dated: June 30, 2006

CERTIFICATE OF SERVICE

      I, John T. McInnes, hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on Christopher P. Litterio, Esq., Ruberto Israel & Weiner, PC, 100 North Washington Street, Boston, MA 02114.

                                                /s/ John T. McInnes
                                                John T. McInnes, Esq.

Dated: June 30, 2006