UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

BAY STATE SAVINGS BANK,
Plaintiff

v.

BAYSTATE FINANCIAL SERVICES, LLC,
Defendant

CIVIL ACTION NO. 4:03-CV-40273-NMG

## AFFIDAVIT OF ROBERT L. KLEIN

Robert L. Klein on oath deposes and states as follows:

1. I am President and Co-Founder of Applied Marketing Science, Inc. ("AMS"), a market research and consulting firm with offices in Waltham, Massachusetts. I received a Bachelor of Science Degree in Mechanical Engineering in 1966 from the Massachusetts Institute of Technology, Cambridge, Massachusetts, and a Master of Science Degree in 1968 from the MIT Sloan School of Management. I served as a commissioned officer in the U.S. Public Health Service from 1968 to 1970 and was stationed at the National Institute of Health in Bethesda, Maryland.

2. AMS conducts market research on a wide range of both consumer and business products and services. It currently employs 23 people out of its suburban Boston office. Research by AMS has been used by experts in a variety of other legal matters. A complete list of the cases on which I have personally served as an expert are shown on my CV attached to my January 9, 2006 Report and June 2, 2006 Supplemental Report as Appendix A.

3. I was asked by Mirick, O'Connell, DeMallie & Lougee, LLP, on behalf of Bay State Savings Bank to design, conduct and analyze two surveys. The first survey measured the

likelihood of confusion and was designed to measure the extent to which consumers who saw marketing materials from Baystate Financial would think that it was affiliated or associated in some way with Bay State Savings Bank. The second survey focused on the issue of secondary meaning for the words "Bay State" in the context of financial institutions in the Worcester area. This survey was designed to determine the extent to which potential customers associate the words "Bay State" with "Bay State Savings Bank." I was also asked to review the 1999 and 2001 "Imaging & Positioning" studies conducted by R. Kelly Meyers and Bay State Savings Bank and to render an opinion first, as to their validity and reliability and second, as to their particular usefulness as indicators of secondary meaning in addition to data they may contain about the image of the Bank.

4. On January 9, 2006, I submitted a report entitled Survey Methodology and Results, Likelihood of Confusion and Secondary Meaning (the "Report") to Bay State Savings Bank to be used in this litigation. It accurately describes the services I performed and truthfully represents my views of the matters covered in the report.

5. A true and accurate copy of the Report was submitted to the Court in support of Bay State Saving Bank's Motion for Partial Summary Judgment and Opposition to Baystate Financial's Motion for Summary Judgment at Exhibit 30.

6. Following the submission of the Report, I was asked by counsel for Bay State Savings Bank to review the Expert Report and deposition transcript of Thomas Dupont and Baystate Financial's Motion for Summary Judgment and render an opinion as to the validity and reliability of the Dupont Report including the conclusions drawn by Mr. Dupont.

7. On June 2, 2006, I submitted Evaluation of Report of Thomas Dupont (the "Supplemental Report"). A true and accurate copy of the Supplemental Report is attached to

Bay State Savings Bank's Opposition to Baystate Financial's Motion for Summary Judgment at Exhibit 57. It truthfully represents my opinions on the matters covered by the report.

Signed under the pains and penalties of perjury this 29th day of June, 2006.

_/s/ Robert L. Klein_
Robert L. Klein

### CERTIFICATE OF SERVICE

I, John T. McInnes, hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on Christopher P. Litterio, Esq., Ruberto Israel & Weiner, PC, 100 North Washington Street, Boston, MA 02114.

/s/ John T. McInnes
John T. McInnes, Esq.

Dated: June 30, 2006