UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAY STATE SAVINGS BANK,<br>    Plaintiff<br><br>V.<br><br>BAYSTATE FINANCIAL SERVICES, LLC,<br>    Defendant | CIVIL ACTION NO. 4:03-CV-40273-NMG |

**SUPPLEMENTAL MEMORANDUM OF BAY STATE SAVINGS BANK
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

This Supplemental Memorandum draws the Court's attention to M.G.L. c. 110B, §6, which includes a statute of frauds requiring that the transfer of state registered trademarks must be in writing.[1] The statute is relevant to the argument presented in Section III.F of the Memorandum In Support of Bay State Savings Bank's Motion for Partial Summary Judgment (at pp. 18-19), which argues that:

> Baystate Financial Cannot Prove That It Has Used The Baystate Name Continuously From A Date Prior To May 1, 1997 And Cannot Prove Privity With Any Other Party That Used The Name Prior To That Date.

The original memorandum failed to cite M.G.L. c. 110B, §6. However, Bay State Savings Bank® notified opposing counsel of its intent to cite the statute by letter dated July 13, 2006. M.G.L. Ch. 110B, § 6, in its entirety, states as follows:

> Any mark and its registration hereunder shall be assignable with the goodwill of the business in which the mark is used, or with that part of the goodwill of the business connected with the use of and symbolized by the mark. *Assignment shall be by instruments in writing duly executed and*

---

[1]   This Supplemental Memorandum relies exclusively on the existing factual record.  It does not purport to add new factual information.  It *only* raises the additional issue of M.G.L. Ch. 110A, §6 as additional support for the arguments in §III.F of the original Memorandum In Support Of Motion For Partial Summary Judgment.

> *may be recorded with the state secretary upon the payment of a fee of $20.00 payable to the secretary who, upon recording of the assignment, shall issue in the name of the assignee a new certificate for the remainder of the term of the registration or of the last renewal thereof.* An assignment of any registration shall be void as against any subsequent purchaser for a valuable consideration without notice, unless it is recorded with the state secretary within three months after the date thereof or prior to such subsequent purchase. (Emphasis added).

Baystate Financial was incorporated in 1997. Its Massachusetts state service mark application represents under oath that it first used the Baystate Financial name on May 1, 1997. SMF., ¶31. However, to strengthen its position in this case, it now claims that the sworn statement in the registration is incorrect. It claims that it acquired preexisting rights to the Baystate Financial name from predecessors in interest including the Wilson Agency, which had allegedly used it since 1983, including a 1990 state registration.

The viability of Baystate Financial's claim of use prior to 1997 depends on the alleged transfer of the name from the Wilson agency, *including* whether the transfer complied with the statute of frauds in M.G.L. Ch. 110B, §6. Even under Rule 56 standards, the existing summary judgment record is clear. There is no genuine issue of fact. The alleged transfer probably did not occur at all. In any event, it did *not* comply with the statute of frauds in Ch. 110B. For example:

- ➢ When asked to describe the assets that Baystate Financial acquired when it started its business in 1997, Rule 30(b)(6) witness David C. Porter described *only* physical assets. He failed to identify any property rights in the Baystate Financial Services' mark. SMF., ¶42.

- ➢ Mr. Porter stated that Baystate Financial has *no documents* evidencing the acquisition of any right to the Baystate name. SMF., ¶43.

- The Wilson Agency's 1990 registration of the Baystate Financial name expired in 2000 because the Wilson Agency did not renew it.  SMF., ¶39.

- In December 2003, *three years after the registration expired*, the Wilson Agency purported to assign it to New England Life.  However, New England Life has not attempted to transfer the expired rights to any other party.  SMF., ¶40.

- Baystate Financial is an independent agency and is not affiliated with New England Life.  SMF., ¶41.  Consequently, even if the 2003 assignment to New England Life had any force – which is a doubtful proposition at best – it does not help Baystate Financial in the context of this case.

Based on these undisputed facts, Baystate Financial has no viable claim that it has used the Baystate Financial name continuously from a date prior to May 1, 1997 and cannot prove privity with any other party that used the name prior to that date.

BAY STATE SAVINGS BANK

By its attorneys,

*/s/ James C. Donnelly*

_____
James C. Donnelly, Jr., Esq., BBO # 129700
John T. McInnes, Esq., BBO # 657488
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA  01608-1477
(508) 791-8500

Dated:  November 13, 2006

CERTIFICATE OF SERVICE

    I, James C. Donnelly, Jr., hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to Christopher P. Litterio, Esq., Ruberto Israel & Weiner, PC, 100 North Washington Street, Boston, MA 02114.

_____
James C. Donnelly, Jr., Esq.

Dated: November 13, 2006