UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAY STATE SAVINGS BANK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BAYSTATE FINANCIAL )<br>SERVICES, LLC, )<br>)<br>Defendant. )<br>) | Civil Action No. 4:03-cv-40273-FDS |

### REPLY OF BAYSTATE FINANCIAL SERVICES, LLC TO SUPPLEMENTAL MEMORANDUM OF BAY STATE SAVINGS BANK IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

### I. Introduction

After nearly three (3) years of litigation, which has included briefing, argument and decision of a preliminary injunction request, extensive document productions, answers to interrogatories, depositions of eight (8) fact and seven (7) expert witnesses, and voluminous briefing of the issues for summary judgment, **for the first time in this case**, Plaintiff has raised an affirmative defense based on an alleged statute of frauds. While any defense raised for the first time at this late stage should be viewed skeptically, where, as here, the Federal Rules of Civil Procedure require the defense to have been pled as an affirmative defense in the Answer – **which Plaintiff failed to do** – the defense has been waived and should not be considered by the court.

To the extent the court decides to consider Plaintiff's argument, despite its clear disregard of the most basic rules of pleading, the court should nonetheless reject Plaintiff's argument for the following reasons:

(1) Baystate Financial Services, LLC's ("Baystate Financial") predecessor has executed an Assignment which would satisfy a statute of frauds;

(2) The undisputed facts establish that in 1996, David Porter, principal of Defendant, purchased the BAYSTATE FINANCIAL marks that were first used in 1983, and he has been using these marks continuously since that time;

(3) Despite record notice as early as 1990, and certainly in 1996 when the assignment was made, Plaintiff waited until 2003 to file this case and until 2006 to raise this argument. Plaintiff should be barred by the doctrine of laches from challenging whether there was a contemporaneous written assignment; and

(4) The state statute only applies to state registrations; it does not affect Defendant's common law rights in the mark based on its first use in 1983.

## II. Argument

### 1. Plaintiff Has Waived The Statute Of Frauds Argument By Failing To Affirmatively Plead That Defense In Its Answer.

> "In pleading to a preceding pleading, a party **shall set forth affirmatively**... statute of frauds..."

Fed. R. Civ. P. Rule 8(C) (emphasis added). The basis for this rule is simple: Baystate Financial should have been on notice before the close of discovery that Plaintiff was going to question whether the assignment was in writing. *See Boston Scientific Corp. v. Schneider (Europe) AG*, 983 F. Supp. 245, 254 (D. Mass. 1997) (FRCP 8(C) intended to require party to put opposing party on notice of defense to enable opposing party to respond adequately). Defendant could have taken discovery from New England Life Insurance Company ("NELI") regarding the assignment, it could have taken depositions of former employees who may corroborate the transaction, and it could have developed additional facts (*e.g.*, part performance) which may

have satisfied the statute of frauds. By waiting until after the close of discovery and after the close of briefing on summary judgment before raising the statute of frauds argument, Plaintiff has prejudiced Defendant's ability to address the issue properly. *See Automated Medical Labs, Inc. v. Armour Pharmaceutical Co.*, 629 F.2d 1118, 1122 (court found waiver of affirmative defense which was not pled in answer and was raised for first time in pre-trial memorandum); *Funding Systems Leasing Corp. v. Pugh*, 530 F.2d 91 (5th Cir. 1976) (court rejects statute of frauds affirmative defense raised for first time in support of a motion for summary judgment).

### 2.     The Assignment Satisfies The Alleged Statute Of Frauds.

NELI has executed an Assignment, a true and accurate copy of which is attached to the accompanying Affidavit as Exhibit B, in which it confirms its assignment of the marks to Baystate Financial. The statute does not require that a written assignment be executed contemporaneously with the assignment. Accordingly, the Assignment is a written memorandum evidencing the transaction.

### 3.     The Doctrine Of Laches Bars Plaintiff's Reliance On The Alleged Statute Of Frauds.

Plaintiff has been on record notice of an entity conducting business as "Baystate Financial Services" since at least 1990 when Richard Wilson first filed a state registration. David Porter, Wilson's successor to the "Baystate Financial Services" mark, has stated under oath that he purchased the mark in 1996, and filed another registration in 1997. Yet, Bay State Savings Bank failed to file this case until 2003, seven years after the transaction in issue, and failed to raise the statute of frauds argument until 2006 – **10 years after the transaction** – to raise the argument that the assignment had to be in writing. Given Plaintiff's extreme delay in challenging Baystate Financial's use of the marks and Defendant's prejudice in trying to address

the issue after the close of discovery, Plaintiff should be barred from asserting the statute of frauds defense.

4.      **The State Statute Does Not Effect Common Law Rights.**

The federal common law affords trademark protection to the first user of a mark, regardless of whether a mark is registered. The state statute does not, nor could it, purport to affect those common law rights. *See Speed Products Co. v. Tinnerman Products*, 179 F.2d 778, 782 (2nd Cir. 1949) (written assignment not necessary to pass common law trademark). In *Speed Products*, the court found a valid transfer where one business had dissolved prior to formation of its successor. *Id*. In rejecting the Defendant's "technical objection," that there was no written assignment, the court found that the successor continued the business at the same premises with the same employees and products. *Id*. "The good will of the corporation [which included trademarks], though unmentioned, passed with the transfer of the business." *Id*.

5.      **Baystate Financial Services And Its Predecessors Have Used The Mark Since 1983.**

The undisputed evidence, in the form of affidavits from Richard Wilson, Richard Denton, and David Porter, establish that Baystate Financial has been operating under that name since 1983. Porter's affidavit specifically states that he purchased the rights to use the name in 1996 and that he or one of his business entities has used it continuously since that time. NELI has supplied an affidavit stating that it believes that Porter bought the mark in 1996, but at a minimum, he was the sole and exclusive user. There is no legitimate dispute on this issue.

Plaintiff's reliance on Mr. Porter's deposition is misplaced. At that time, the issue of whether the assignment to Porter was in writing had not been raised. Porter's affidavit had been filed and accepted by this court in denying Plaintiff's motion for a preliminary injunction.

4

Against this backdrop, Mr. Porter was never asked specific questions about whether the assignment was in writing.

He testified that there was a written agreement, that he did not have a copy, that he believed that NELI had the agreement, and that other than listing some assets, he couldn't recall what the agreement contained. Porter Depo., pp. 22-23. The record also establishes 10 years of continuous use by Baystate Financial without any challenge from NELI, or anyone else, regarding its ownership of the marks. However, because Plaintiff failed to raise the issue until after the close of discovery, the parties have not focused their efforts on discovery on this issue. Nonetheless, this court should find, as it did at the preliminary injunction stage, that Baystate Financial has been operating continuously under its marks since 1983. *See U.S. Ozone Co v. U.S. Ozone Co. of America*, 62 F.2d 881 (7th Cir. 1932) (Absent contrary evidence, trademark will be assumed to have transferred on transfer of the business). *May v. Goodyear Tire & Rubber Co.*, 10 F. Supp. 249 (D. Mass. 1935) (same).

### III. Conclusion

For the foregoing reasons, Defendant respectfully requests that the court reject Plaintiff's argument based on the statute of frauds, and deny Plaintiff's motion for partial summary judgment.

The Defendant,
BAYSTATE FINANCIAL SERVICES, LLC,
By its attorneys,

_____
Christopher P. Litterio (BBO #551098)
Maureen Mulligan (BBO#566482)
RUBERTO, ISRAEL & WEINER, P.C.
100 North Washington Street
Boston, Massachusetts 02114
(617) 742-4200

Dated: December 8, 2006

## CERTIFICATE OF SERVICE

I, Christopher P. Litterio, hereby certify that on this 8th day of December, 2006, I did serve a true copy of the within document, via first class mail, postage prepaid, upon counsel of record for plaintiff, James C. Donnelly, Jr., Esquire, Mirick, O'Connell, DeMallie & Lougee, LLP, 100 Front Street, Worcester, MA 01608-1477.

_____
Christopher P. Litterio

U:\PM\CPL\Baystate\Baystate Savings Bank\Pleadings\Reply to Plaintiff's Supp Memo.doc