UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAY STATE SAVINGS BANK,<br>    Plaintiff<br><br>    V.<br><br>BAYSTATE FINANCIAL SERVICES, LLC,<br>    Defendant | CIVIL ACTION NO. 4:03-CV-40273-FDS |

MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTION AND MOTION
TO STRIKE AFFIDAVIT OF BRIAN BRENEMAN

This motion supports the Affidavit of Bay State Savings Bank® ("Bay State®") to strike the Affidavit of Brian Breneman that was filed on December 8, 2006 in connection with the cross motions for summary judgment heard on Tuesday, November 21, 2006.  It also replies to Baystate Financial's assertion that Bay State® inappropriately failed to plead the statute of frauds.

    I.    <u>Mr. Breneman's Affidavit Does Not Comply With Fed. R. Civ. P. 56(e).</u>

Fed. R. Civ. P. 56(e) establishes precise and exacting requirements for affidavits that support or oppose motions for summary judgment:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

Mr. Breneman's affidavit is deficient at least three respects.  *First*, each of the two substantive paragraphs of the affidavit begins with the phrase "upon information and belief." This well-known term of art is a disclaimer, which admits that the witness does not have personal

knowledge of what he is saying. He may have second-hand information that he believes to be true, but that is not the same as personal knowledge. It does not satisfy the minimum criteria of Rule 56(e).

*Second*, except for his current title and employment, there is no information at all about Mr. Breneman's background. Mr. Breneman does not describe his duties and responsibilities. He does not reveal whether he worked for New England Life Insurance Company ("New England Life") in 1996, or whether he was in a position to observe the transactions he purports to describe. In short, he fails to show that he is competent to testify to the matters he asserts.

*Third*, the facts that he asserts are either inadmissible or irrelevant. Concerning the alleged transfer of the marks from New England Life to Baystate Financial, he states:

> *Upon information and belief*, NELICO subsequently transferred and assigned to David C. Porter the Baystate Financial Marks but *at the very least* granted David C. Porter the right to use of the Baystate Financial Marks. *To remove any doubt*, NELICO has executed the Assignment attached hereto as Exhibit "B" to transfer to David C. Porter *whatever rights NELICO may have retained in the Baystate Financial Marks*. (Emphasis added).

The choice of words indicates that Mr. Breneman isn't sure whether there actually was an assignment or when it was executed. Even if his information is accurate, the assignment was to David Porter, *not* to Baystate Financial! Mr. Porter is not a party, and does not assert any rights in this proceeding.

The document that is attached as Exhibit "B" raises far more questions than it answers. For example, it is *dated less than one week ago,* on December 8, 2006. The *ex post facto* creation of an assignment at this late stage of the proceeding, more than three years after Bay State® brought this lawsuit, is a plain indication that neither New England Life nor Baystate Financial can document the alleged assignment. Baystate Financial could not possibly have

acquired the alleged trademark rights in 1996 because it was not incorporated until April 1997. SMF ¶37.

Baystate Financial is bound by the Rule 30(b)(6) deposition given by David Porter, which describes a transfer of assets that *only* included office equipment and a lease. Mr. Porter's description – in response to a plain and simple question that asked him to describe the assets he and/or Baystate Financial acquired from New England Life –*does not include* any mention at all of trademark rights or even goodwill. SMF ¶¶42-43; see also ¶¶37-41.

II.  Baystate Financial Erroneously Asserts That Bay State® Was Obligated To Plead Statute Of Frauds

Baystate Financial's argument on the statute of frauds forgets the context in which the issue arises. Neither party asserts a breach of contract. M.G.L. Ch. 110B, §6 is not an element of any claim, and is not an affirmative defense to any counterclaim. It is relevant for an entirely different purpose: it highlights a missing link in Baystate Financial's chain of proof.

Ch. 110B, §6 establishes minimum requirements for the transfer of trademark registrations, including the requirement that the assignment "shall be made in writing duly executed" and shall be void against any subsequent purchaser unless recorded within three months after its execution. It sets the criteria to test whether the Wilson Agency and/or New England Life effectively transferred the 1990 state registration to Baystate Financial. There is no *competent* evidence – written or otherwise – that the required assignment ever existed. The assertions of Mr. Breneman and Baystate Financial do not meet the minimum requirements of Fed. R. Civ. P. 56(e).

BAY STATE SAVINGS BANK
By its attorneys,

*/s/ James C. Donnelly*

_____
James C. Donnelly, Jr., Esq., BBO # 129700
John T. McInnes, Esq., BBO # 657488
Kathryn V. Chelini, Esq., BBO #657839
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA  01608-1477
(508) 791-8500

Dated:  December 13, 2006

## CERTIFICATE OF SERVICE

I, James C. Donnelly, Jr., hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 13, 2006.

*/s/ James C. Donnelly*

_____
James C. Donnelly, Jr., Esq.

Dated:  December 13, 2006