UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAY STATE SAVINGS BANK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BAYSTATE FINANCIAL )<br>SERVICES, LLC, )<br>)<br>Defendant. )<br>) | Civil Action No. 4:03-cv-40273-FDS |

**OPPOSITION OF BAYSTATE FINANCIAL SERVICES, LLC TO PLAINTIFF'S OBJECTION AND MOTION TO STRIKE AFFIDAVIT OF BRIAN BRENEMAN**

After waiting ten (10) years from the date of the transfer of the Baystate Financial Marks, three (3) years from commencing litigation and until the close of discovery and the filing of summary judgment briefs, Plaintiff for the first time challenged the transfer as not complying with the statute of frauds. Defendant was put to the task of recreating a ten (10) year old, never before disputed, transaction within the two (2) week opposition period. In doing so, Defendant obtained an affidavit from Brian Breneman, a Vice President of New England Life Insurance Company, a non-party to this litigation, stating corporate knowledge regarding the disputed transaction – the same type of knowledge to which a Rule 30(b)(6) deponent would have been allowed to testify at deposition or trial – which Plaintiff now seeks to have stricken from the record.

Defendant opposes Plaintiff's motion to strike for the following reasons:

1. **The Affidavit is Competent to State Corporate Knowledge.**

The Breneman Affidavit is submitted as an affidavit of a corporate officer to establish facts based on his review of corporate information. In this instance, the corporate information

pertains to a transaction that occurred ten (10) years ago, *i.e.*, the transfer of the Baystate Financial Marks, to David Porter. Courts routinely accept corporate testimony in the form presented in the Breneman Affidavit in recognition of the fact that individual employees with personal knowledge may no longer be employed by the corporation. *See Dalton v. FDIC*, 987 F.2d 1216, 1223 (5th Cir. 1993) (affidavit of corporate officer not defective on ground that he did not learn of corporate transaction until after it occurred); <u>Federal Savings & Loan Ins. Corp. v. Griffin</u>, 935 F.2d 691 (5th Cir. 1991) (affidavit of corporate vice president not based on personal knowledge was acceptable based on business records of corporation); *U.S. v. Birchem*, 883 F. Supp. 1334, 1342 (D.S.D. 1995) (court accepted affidavit based on "knowledge and belief" of the amount of a debt as evidenced by agency documents, public records, and regularly conducted activities). At the summary judgment stage, courts have accepted deposition testimony proferred by a Rule 30(b)(6) witness. *See PPM Fin., Inc. v. Norandal, USA, Inc.*, 297 F. Supp. 2d 1072, 1085-1086 (N.D. Ill. 2004) (30(b)(6) witness's testimony as to the corporation's position and knowledge is admissible at summary judgment even though it is not necessarily based on the personal knowledge of the witness). Courts have also accepted affidavits if the information contained in the affidavit would ultimately be admissible at trial. *See Hughes v. U.S.*, 953 F.2d. 531, 543 (9th Cir. 1992) (even though affidavit may have violated best evidence rule, court would consider affidavit because evidence would have been admissible at trial).

Here, the Breneman Affidavit should be considered in its entirety by the court. Mr. Breneman is a Vice President of New England Life Insurance Company ("NELICO"). He has access to the information contained in his affidavit, and he is stating NELICO's knowledge regarding the transfer of the Baystate Financial Marks. Given the fact that Mr. Porter, and subsequently entities which he controlled, has been operating under the Baystate Financial name

as an independent agent of NELICO,[1] and NELICO's position that it does not believe it owns the Baystate Financial Marks, his affidavit is sufficient to establish NELICO's corporate knowledge. According to NELICO, it believes it transferred those marks to Mr. Porter in or around 1996, but at a minimum, it has allowed Mr. Porter the right to use those marks. To remove any doubt, NELICO has executed an Assignment of Service Marks, Service Mark Registration and Trade Name ("Assignment") which is attached to the Breneman Affidavit. This testimony is acceptable at the summary judgment stage, and it would be acceptable at trial; accordingly, the court should deny Plaintiff's motion to strike.

### 2. Any Alleged Deficiencies In the Form of the Affidavit Are Due to Plaintiff's Unreasonable Delay in Asserting the Statute of Frauds Defense.

Plaintiff failed to assert the statute of frauds as an affirmative defense as required by the Federal Rules of Civil Procedure, and it failed to assert that defense until after the close of discovery and after completion of briefing on summary judgment. Given the last minute surprise attack, the statute of frauds defense was waived. At a minimum, however, this court should ignore any perceived deficiencies in the form of the affidavit, and instead, should focus on the overall import of the affidavit in the context of this case. As set forth above, the affidavit corroborates the evidence in the record regarding Defendant's ownership of the Baystate Financial Marks and establishes that there is a written assignment of these marks.

### 3. Portions of the Affidavit Based on Personal Knowledge Should Be Accepted by the Court.

In the event the court decides to disregard portions of the affidavit, it should nonetheless accept the portions that are based on personal knowledge. *See Salas v. Carpenter*, 980 F. 2d 299, 304 (5th Cir. 1992) (court should disregard only inadmissible portions of challenged affidavit).

---

[1] Contrary to the argument advanced by Plaintiff at Page 2 of its Memorandum in Support of its Motion to Strike, there is overwhelming evidence that after the Baystate Financial Marks were assigned to him, Mr. Porter assigned the marks other entities in which he was a principal. *See* Porter Aff., ¶¶ 6-8.

3

These portions establish that NELICO has executed an Assignment by which it assigns the Baystate Financial Marks to Mr. Porter. This writing clearly satisfies the statute of frauds, is signed by Mr. Breneman and ends any speculation as to whether Mr. Porter owns the Baystate Financial Marks, and whether there is written evidence of that conveyance.

### Conclusion

For the foregoing reasons, Baystate Financial respectfully requests that the court deny Plaintiff's motion to strike the Affidavit of Brian Breneman.

The Defendant,
BAYSTATE FINANCIAL SERVICES, LLC,
By its attorneys,

*/s/ Christopher P. Litterio*

Christopher P. Litterio (BBO #551098)
Maureen Mulligan (BBO#566482)
RUBERTO, ISRAEL & WEINER, P.C.
100 North Washington Street
Boston, Massachusetts 02114
(617) 742-4200

Dated: December 27, 2006

### CERTIFICATE OF SERVICE

I, Christopher P. Litterio, hereby certify that on this 27th day of December, 2006, I did serve a true copy of the within document, via first class mail, postage prepaid, upon counsel of record for plaintiff, James C. Donnelly, Jr., Esquire, Mirick, O'Connell, DeMallie & Lougee, LLP, 100 Front Street, Worcester, MA 01608-1477.

*/s/ Christopher P. Litterio*

Christopher P. Litterio

U:\PM\CPL\Baystate\Baystate Savings Bank\Pleadings\Objection to Plaintiff's Objection and Motion to Strike Breneman Affidavit.doc